# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, et al.,[1]<br><br>                    Debtors. | Chapter 11<br>Bankr. Case No. 20-10553<br>**Joint Administration Pending** |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated,<br><br>                    Plaintiff,<br><br>                    v.<br><br>ART VAN FURNITURE, LLC, et al.,<br><br>                  Defendants. | Adv. Pro. No. _____ - ____ |

**CLASS ACTION**
**ADVERSARY PROCEEDING COMPLAINT FOR**
**VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.**

Plaintiffs Todd Stewart and Jennifer Sawle ("Plaintiffs") alleges on behalf of themselves and a putative class of similarly situated former employees of Debtor Art Van Furniture, LLC and its affiliates (together "Debtors" or "Defendants") by way of this Class Action Adversary Proceeding Complaint against Defendants as follows:

**NATURE OF THE ACTION**

1. The Plaintiffs brings this action on behalf of themselves, and other similarly

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

situated former employees who worked for Defendants and who were terminated without cause as part of, or as the result of, mass layoffs or plant closings ordered by Defendants beginning on March 4, 2020, who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq, (the "WARN Act").

2.  Plaintiffs were terminated along with approximately 700 other similarly situated employees as part of, or as the foreseeable result of a mass layoffs or plant shutdowns ordered by Defendants.  These terminations failed to give Plaintiffs and other similarly situated employees of Defendants at least 60 days' advance notice of termination, as required by the WARN Act.  As a consequence of the violation, Plaintiffs and other similarly situated employees of Defendants seek their statutory remedies, pursuant to 29 U.S.C. § 2104.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, and 29 U.S.C. § 2104(a)(5).

4.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiffs*

6.  Plaintiff Stewart was employed by Defendants as the Store Manager at Defendants' facility at 14055 Hall Rd. Shelby Township Michigan 48315 one of seven WARN-covered facilities (the "WARN Facilities") until his termination.

7.  Plaintiff Sawle was employed by Defendants as a salesperson at one of Defendants' WARN Facilities located at 8748 West Saginaw Highway, Lansing, Michigan until her

termination.

8. On March 4, 2020, Plaintiffs received a letter notifying them that terminations at the Facilities where they worked would commence on May 5, 2020 or within 14 days thereafter.

9. Plaintiffs were not terminated on May 5, 2020. Instead, on evening of March 19, 2020, Defendants abruptly notified its employees, including Plaintiffs that terminations would occur immediately for non-leader personnel and March 22, for lead personnel.

10. Plaintiff Sawle's last day of employment was March 20, 2020.

11. Plaintiff Stewart was, and other store leaders were, specifically told they would not get paid unless they continued to work through the Saturday and Sunday, March 21 and 22.

12. With the power off at the facility, Plaintiff Stewart and colleagues worked in the dark through the week carrying purchased furniture out to the cars of waiting customers.

13. Along with Plaintiffs, hundreds of other employees of Defendants who worked at, reported to, or received assignments from Defendants' Facilities were terminated on or about March 19, 2020 without advanced written notice.

*Defendants*

14. Upon information and belief and at all relevant times, Defendant Art Van Furniture LLC is a Delaware corporation with its principal place of business located at 6500 E. 14 Mile Road, Warren, Michigan (the "Headquarters Facility") and it conducted business in this district.

15. Upon information and belief at all relevant times, Defendants owned, maintained and operated its corporate headquarters at the Headquarters Facility, and operated additional facilities as that term is defined by the WARN Act in the United States.

16. Debtors operate 169 locations, including 92 furniture and mattress showrooms and 77 freestanding mattress and specialty locations. Debtors do business under several brand names,

including Art Van Furniture, Pure Sleep, Scott Shuptrine Interiors, Levin Furniture, Levin Mattress, and Wolf Furniture.

17. The Debtors were founded in 1959 and was owned by its founder, Art Van Elslander, until it was sold to funds affiliated with Thomas H. Lee Partners, L.P. ("THL") in March 2017.

18. As of the Petition Date of March 9, 2020, Debtors operated stores throughout Michigan, Indiana, Ohio, Illinois, Pennsylvania, Maryland, Missouri, and Virginia, with approximately 4,500 employees.

19. Upon information and belief, on March 19, 2020, Defendants terminated approximately 700 employees who worked at or reported to their WARN Facilities, and the rest of the employees who worked at non-WARN-covered stores (because they did not employee 50 full-time employees as required by the WARN Act definition of a mass layoff or plant shutdown).

20. By late-January, 2020, Debtors had sunk into a liquidity crisis leading to a default of the Defendant's revolver facility with its lender, Wells Fargo, and some leases. Wells Fargo agreed to forebear until February 28, 2020 conditioned on taking control of Defendant's cash and on Defendant immediately begin preparing for a "going-out-of-business" liquidation if was unable to raise capital by then.

21. By January 31, 2020, the United States reported its first confirmed case of person-to-person transmission of the Wuhan coronavirus and the WHO determined that the outbreak constitutes a Public Health Emergency of International Concern.

22. In February, 2020, KKR investigated then quickly dropped consideration of make a new money investment in Art Van. Debtor's private equity parent THL, along with Van Eslander family, and some important suppliers formed a "Consortium."

23. The Consortium proposed to infuse new capital into Art Van, but by month's end failed to secure the capital purportedly due in part to the impact of coronavirus on the equity markets during the week of February 24, 2020.

24. According Debtors, the market drop had a "deleterious effect" on the Consortium investors' "willingness to contribute capital." (Doc. 12, Mar. 9, 2020, First Day Declaration of David Ladd.)

25. As a result of the Consortium investors' unwillingness, Debtors began to execute on its planned liquidation.

26. On March 5, 2020, Art Van announced its store closing sales and that it would complete the closures with six to eight weeks.

27. That day, it informed it WARN Facility employees in a WARN notice that they would be retained and paid through May 5th and terminated then or within 14 days thereafter, whether there was work for them or not. Their benefits including health coverage would be maintained until their termination.

28. The Debtors' March 5, 2020 WARN notice did not condition the 60 days' of pay and benefits on any contingency. It did not mention coronavirus or any factor that could reduce the 60-day period of anticipated employment.

29. By March 8, 2020, at least eight states had declared a State of Emergency due to coronavirus.

30. On March 9, 2020, Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. Joint administration of those cases is pending.

**FEDERAL WARN ACT CLASS ALLEGATIONS**

31. Plaintiffs bring this Claim for Relief for violation of 29 U.S.C. § 2101 et seq., on

behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, reported to, or received assignments from Defendants' Facilities and were terminated without cause beginning on or about March 19, 2020, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about March 19, 2020 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

32. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

33. Upon information and belief, Defendants employed more than 100 full-time employees who worked at or reported to the Facilities.

34. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendants.

35. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

36. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendants' Facilities;

   (b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

   (c) whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

  37. Plaintiffs' claims are typical of those of the WARN Class. Plaintiffs, like other WARN Class members, worked at or reported to Defendants' Facilities and was terminated beginning on or about March 19, 2020, due to the mass layoff and/or plant closing ordered by Defendants.

  38. Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

  39. On or about March 19, 2020, Plaintiffs were terminated by Defendants. These terminations were part of mass layoffs or plant closings as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive 60 days advance written notice under the WARN Act.

  40. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

41. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

42. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF

### Violation of the Federal WARN Act

43. Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

44. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

45. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

46. At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendants as that term is used in 29 U.S.C. §2101.

47. On or about March 19, 2020, the Defendants ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

48. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well

as thirty–three percent of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

49. Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

50. Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

51. Defendants were required by the WARN Act to give Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

52. Defendants failed to give Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

53. Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

54. Defendants failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

55. The relief sought in this proceeding is predominately equitable in nature.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiffs and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A);

E. Allowance of all damages as first priority post-petition administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A) or, alternatively wage priority status pursuant to 11 U.S.C. § 507(a)(4) and (5) up to $13,650, and the remainder as a general unsecured claim;

F. Reasonable attorneys' fees and the costs and disbursements that Plaintiffs will incur in prosecuting this action, as authorized by the federal WARN Act, 29 U.S.C. § 2104(a)(6);

G. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

H. Such other and further relief as this Court may deem just and proper.

[*Signature Page to Follow*]

Dated: March 23, 2020

Respectfully submitted,

*/s/ Michael Joyce*
Michael J. Joyce (No. 4563)
THE LAW OFFICES OF JOYCE, LLC
1225 King Street
Suite 800
Wilmington, DE 19801
(302)-388-1944
Email: mjoyce@mjlawoffices.com

-and-

OF COUNSEL:

Jack A. Raisner
René S. Roupinian
RAISNER ROUPINIAN LLP
500 Fifth Avenue, Suite 1600
New York, New York 10110
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for the and the putative class Plaintiffs*