# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> ART VAN FURNITURE, LLC., *et al.,*[1] <br><br> Debtors. | Chapter 7 <br><br> Case No. 20-10553 (CSS) <br><br> Jointly Administered |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> ART VAN FURNITURE, LLC, et al., <br><br> Defendants. | Adv. Pro. No. 20-50548 (CSS) |

**DECLARATION OF RENÉ S. ROUPINIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF**

René S. Roupinian hereby declares the following under penalty of perjury:

I am a partner of Raisner Roupinian LLP, the law firm that represents Todd Stewart and Jennifer Sawle ("Plaintiffs") in the above-captioned action.

1. This declaration is submitted in support of Plaintiffs' Motion for Class Certification and Related Relief for an order in furtherance of their claims under the Worker Adjustment Retraining and Notification ("WARN") Act, 29 U.S.C. § 2101 *et seq.*, for an Order: (a) certifying

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

a class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7023, comprised of: Plaintiffs and all persons (i) who worked at, reported to, or received assignments from Defendants' Facilities, (ii) who were terminated without cause beginning on or about March 19, 2020, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about March 19, 2020, and (iii) who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5) and (iv) who have not filed a timely request to opt-out of the class, (b) appointing Raisner Roupinian LLP as Class Counsel, (c) appointing Plaintiffs as the Class Representatives, (d) approving the form and manner of Notice, and (e) and such further relief as this Court may deem proper.

## BACKGROUND

2.     Plaintiffs are both former employees of Art Van Furniture, LLC and its affiliates ("Debtors" or "Defendants") who worked for Defendants until they were terminated without cause from their employment beginning on or about March 19, 2020. Plaintiff Jennifer Sawle worked as a salesperson at one of Defendants' Facilities located at 8748 West Saginaw Highway, Lansing, Michigan until her termination on or about March 20, 2020. Plaintiff Todd Stewart worked as a store manager at Defendants' facility located at 14055 Hall Rd., Shelby Township, Michigan 48315 until his termination on or about March 20, 2020.On March 4, 2020, Plaintiffs received a letter notifying them that terminations at the Facilities where they worked would commence on May 5, 2020 or within 14 days thereafter. However, Plaintiffs were not terminated on May 5, 2020. Instead, on evening of March 19, 2020, Defendants abruptly notified its employees, including Plaintiffs, that terminations would occur immediately for non-leader personnel and March 22, for lead personnel.

3. Along with Plaintiffs, hundreds of other employees of Defendants who worked at, reported to, or received assignments from Defendants' Facilities were terminated on or about March 19, 2020 without advanced written notice.

4. The Facilities where Defendants conducted business operations during the period January 1, 2020 through September 30, 2020 and which fall under the WARN Act's definition of "Facility or Operating Unit" or "Single Site of Employment" (29 C.F.R. § 639.3), include but are not limited to, the facilities located at 6500 E. 14 Mile Road, Warren, Michigan, 14055 Hall Rd. Shelby Township, Michigan and 8748 West Saginaw Highway, Lansing, Michigan.

## THE COMPLAINT

5. On March 8, 2020, the Defendants each filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. (Bankr. No. 20-10553, D.I. 2)

6. On March 10, 2020, the Defendants' cases were consolidated for joint administration. (Bankr. Bankr. No. 20-10553, D.I. 71)

7. On April 7, 2020, the bankruptcy case was converted to Chapter 7 and a Chapter 7 Trustee (the "Trustee") was appointed. (Bankr. No. 20-10553, D.I. 263, 264)

8. On March 23, 2020, Plaintiffs commenced an adversary proceeding against the Defendants, which is docketed as Adv. Proc. No. 20-01584-VFP (CSS) (the "Adversary Proceeding") (D.I. 1)

9. The Complaint alleges that Defendants violated the Federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq*. (the "WARN Act") and seeks relief on behalf of a putative class of present or former employees of the Defendants.

10. The Complaint alleges a Rule 23(b)(3) class claim arising from Defendants' violation of the WARN Act. The Complaint alleges that Defendants employed more than 100

employees who worked at least 4,000 hours per week; and that Defendants effected "mass layoffs" or "plant closings" that resulted in the loss of employment for at least 50 employees and at least 33% of the workforce, excluding part-time employees, as defined by the WARN Act. (D.I. 1, ¶¶ 40, 44-48).

11. The Complaint alleges that Plaintiffs and the putative class were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.* (D.I. 1, ¶ 1).

12. The Complaint further alleges that Plaintiffs and the other similarly situated former employees were terminated beginning on or about March 19, 2020, and were discharged without cause; that all of these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the mass layoffs or plant closings are "affected employees," as defined by 29 U.S.C. §2101(a)(5), that these former employees did not receive from Defendants 60 days' advance written notice as required by the WARN Act; and that Defendants failed to pay them wages and fringe benefits, as required by the WARN Act. (D.I. 1, ¶¶ 47-54).

13. The Complaint further alleges that the proposed class meets the requirements of Fed. R. Civ. P. 23(a) in so far as there are common questions of law and fact that are applicable to all members of the Class; that the Class is so numerous as to render joinder of all members impracticable; that Plaintiffs' claims are typical of the claims of the other Class Members; that Plaintiffs will fairly and adequately protect and represent the interests of the Class; that Plaintiffs have the time and the resources to prosecute this action; and that they have retained counsel who have extensive experience in matters involving employment class actions and the WARN Act.

(D.I. 1, ¶¶ 32, 36-38).

14.     The Complaint further alleges that the proposed class meets the requirements of Fed. R. Civ. P. 23(b)(3) in so far as there are questions of law and fact common to the class members that predominate over any questions affecting only individual members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; particularly in the context of WARN Act litigation, where an individual plaintiff and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. (D.I. 1, ¶¶ 40-41).

15.     On December 10, 2020, the Defendants filed an Answer to the Complaint wherein they generally deny the allegations and assert several affirmative defenses, including that the terminations were caused by unforeseeable business circumstances, that notice was not required because of the terminations were caused by a natural disaster, that Defendants acted in good faith, and that the Plaintiffs' claims are not entitled to first priority post-petition administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A). (D.I. 1, 25).

16.     On April 28, 2021, Plaintiffs served their first set of interrogatories and request for production of documents on Defendants. The parties informally exchanged information regarding the composition of the putative class, covered sites and damages, and have discussed the substantive issues of the case and agreed to stay formal discovery pending mediation.

17.     On July 27, 2021, the parties participated in a mediation with the Hon. Kevin Gross but did not settle the Action. (D.I. 39) Thereafter, the parties resumed written discovery pursuant to the pretrial scheduling order entered on June 10, 2021. (D.I. 31).

18.     On October 29, 2021, the Trustee filed a First Amended Answer to the Complaint (ECF 40). In its First Amended Answer, the Trustee denies that Defendants were an "employer"

under 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a), and asserts additional defenses, namely that Plaintiffs are required to arbitrate their WARN claims, claims that at the time notice was required that Art Van was no longer operating as a going concern but was a liquidating fiduciary, that WARN notice was not required because the COVID pandemic qualifies as a "natural disaster" under the WARN Act, and that Defendants acted in good faith in carrying out the terminations. The Trustee also denies Plaintiffs' WARN claims are entitled to priority under 11 U.S.C. § 503, 11 U.S.C. § 507 and 11 U.S.C. § 726.

## THE PROPOSED CLASS

19. The proposed Class consists of Plaintiffs and other former employees of Defendants who were terminated without cause beginning on or about March 19, 2020 as part of, in anticipation of, or as the reasonably foreseeable consequence of the mass layoffs or plant closings at the Facilities, and who have not filed a timely request to opt-out of the class. The proposed Class is as follows:

> Plaintiffs and all persons (i) who worked at, reported to, or received assignments from Defendants' Facilities, (ii) who were terminated without cause beginning on or about March 19, 2020, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about March 19, 2020, and (iii) who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).and (iv) who have not filed a timely request to opt-out of the class.

20. As is more fully discussed in the accompanying brief, the proposed class satisfies all the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) for class certification: the proposed Class is numerous; questions of law and fact are common to all members of the class; the Plaintiffs' claims are typical of the claims of the Class; the Plaintiffs and proposed class counsel will fairly and adequately protect the interests of the Class; the questions of law and fact common to the class members predominate over any questions affecting individual members; and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

## THE SUITABILITY OF THE PLAINTIFFS TO ACT AS CLASS REPRESENTATIVES

21.     As shown by the accompanying Declarations of Todd Stewart and Jennifer Sawle (attached as Exhibit A to brief), the Plaintiffs were employed by Defendants and were terminated without cause beginning on March 19, 2020 as part of the mass layoffs or plant closings of the Facilities. Plaintiffs have no conflict of interest with other class members and have and will continue to diligently prosecute this action and represent the interests of the Class.

## THE DILIGENT PROSECUTION OF THE ACTION

22.     Plaintiffs, both through their counsel and otherwise, have diligently prosecuted this action. Following their retention, proposed class counsel promptly investigated the facts, interviewed multiple former employees, researched the relevant law and otherwise evaluated the potential WARN claims of Plaintiffs and the other employees terminated by Defendants, and reviewed the Defendants' bankruptcy filings. Plaintiffs' counsel sought and reviewed headcount and payroll data, served discovery, prepared and attended mediation, served initial disclosures and filed the instant motion. Plaintiffs' counsel has actively litigated this case and will continue to do so.

## THE SUITABILITY OF PLAINTIFFS' COUNSEL TO ACT AS CLASS COUNSEL

### Raisner Roupinian LLP

23.     Jack A. Raisner and I are founders of Raisner Roupinian LLP, a law firm solely dedicated to representing employees affected by mass layoffs and shutdowns. Prior to forming Raisner Roupinian LLP, Mr. Raisner and I were co-chairs of the WARN Act Practice Group at a prominent employee rights law firm in New York City, where we spent over a decade litigating WARN Act cases throughout the country. We are joined by the firm's of counsel, Gail C. Lin, a

7

WARN Act attorney with more than 15 years' experience in state, district, and bankruptcy courts throughout the country, and associate Isaac Raisner, who, prior to joining the firm, advocated for employee rights on behalf of migrant and domestic farmworkers at Georgia Legal Services and, more recently, worked in private practice at a prominent firm in Georgia that represents employees.

24.  On March 22, 2017, Jack Raisner and I, along with our WARN team, won a notable victory in the United States Supreme Court in a decision that restored high priority under the Bankruptcy Code for employee wages. We appealed a bankruptcy court order affirmed by the U.S. Court of Appeals for the Third Circuit approving a structured dismissal distribution that skipped over payment of the wage priority claim held by the class of WARN Act creditors. In a 6-2 decision, the Court sided with the WARN Act class and reversed the lower courts, holding that structured dismissals cannot be approved when they violate the priority rules of the Bankruptcy Code absent the consent of affected creditors. *Czyzewski v. Jevic Holding Corp.*, 137 S.Ct. 973, 197 L.Ed.2d 398 (2017). Further protecting the priority rule, after a two-day trial, we won priority treatment for WARN claims that accrued more than 180 days prior to the petition filing – under the rarely-litigated "cessation of business" provision of the Bankruptcy Code. *In re FAH Liquidating Corp.*, 13-13087-KG, 2019 WL 8269114 (Bankr. D. Del. Dec. 27, 2019).

25.  We have testified at the request of lawmakers on Capitol Hill and in state legislatures to strengthen the notice law for employees facing mass layoffs and shutdowns. In fact, our attorneys helped establish the first state law providing notice and mandatory severance for workers facing mass firings and layoffs in New Jersey.

26.  In 2019, Mr. Raisner and I attended hearings before New Jersey state legislative committees on the proposed Senate Bill 3170, which arose out of the 2018 collapse of Toys 'R Us. In that bankruptcy, we represented, and settled, the severance claims of the 33,000 terminated

8

employees. The New Jersey "Toys R' Us" law which expands the protections of the New Jersey WARN Act workers, by increasing in the notice period from 60 to 90 days, increasing the covered sites, and requiring an extra amount of severance-type pay for lack of notice. Jack Raisner helped draft and testified twice before the Legislature in favor of the measure, which has received national attention.

27. Our WARN practice has helped give WARN Act claims their foothold in the bankruptcy process. We have obtained decisions approving the use of adversary proceedings in many jurisdictions, including Delaware and New York bankruptcy courts. *See In re Dewey & LeBoeuf LLP*, 487 B.R. 169 (Bankr. S.D.N.Y. 2013); *In re TSC Glob., LLC,* No. 12-10505 (KG), 2013 WL 6502168 (Bankr. D. Del. June 26, 2013) (Chapter 7). On the appellate level, in *In re TWL Corp.*, 712 F.3d 886 (5th Cir. 2013), we represented a WARN class in a Chapter 7 bankruptcy that was certified only after winning a reversal from the U.S. Court of Appeals for the Fifth Circuit. The *TWL* case recognizes the availability of WARN Act adversary proceedings and class actions.

28. In addition, Mr. Raisner and I obtained a reversal from the U.S. Court of Appeals for the Second Circuit in a Chapter 7 WARN Act case. See, *Guippone v. BH S & B Holdings LLC*, 737 F.3d 221 (2d Cir. 2013) (vacating summary judgment awarded to single employer parent).

29. We have been Plaintiffs' counsel in over 150 active or settled, certified or putative WARN class actions, including the following in Bankruptcy Court for the District of Delaware: *Turner, et al. v. Klausner Lumber Two, LLC*, Case No. 20-11518-KBO (Bankr. D.Del.) (final approval of settlement against Debtor Klausner Lumber Two LLC granted on September 14, 2021); *Karaniewsky et al v. US Investigations Services, LLC*, Adv. Proc. No. 15-50204-KBO (Bankr. D.Del.) (final approval of settlement granted on June 21, 2021); *Thomay, et al. v. Klausner Lumber One, LLC,* Case No. 20-50602- KBO (Bankr. D.Del.) (final approval of settlement

9

against Debtor Klausner Lumber One LLC granted on May 20, 2021); *Etzelsberger, et al. v. Fisker Automotive Holdings, Inc.*, Case No. 13-13087 (Bankr. D.Del.) (KG) (settled); *Wilrich v. Charming Charlie Holdings, Inc., at al.*, 19-50276-CSS (Bankr.D.Del.) (filed on behalf of putative WARN class); *Miller v. Columbus Steel Castings Company, et al.*, Adv. Proc. No. 16-50997-CSS (Bankr.Del.)(settled); *Rasheed v. American Home Mortgage Corp.*, Case No. 07-51688 (Bankr. D. Del.) (settled on behalf of a class of 2,300 employees); *Mekonnen, et al. v. HomeBanc Mortgage Corporation*, Case No. 07-51695 (Bankr. Del.) (settled on behalf of a class of over 400 employees); *Aguiar v. Quaker Fabric Corporation*, Case No. 07-51716 (Bankr. D. Del.) (settled on behalf of a class of 900 employees); *Jones v. Alliance Bancorp,* Case No. 07-51799 (Bankr. D. Del.) (settled on behalf of a class of about 200); *Bressmer v. Delta Financial Corporation,* Case No. 07-51808 (Bankr. D. Del.) (settled on behalf of a class of over 600); *Czyzewski, et al. v. Jevic Transportation, Inc.,* Case No. 08-50662 (Bankr. Del.) (appointed class counsel to a class of approximately 1,800 employees); *Austen. v. Archway Cookies,* Case No. 08-12323 (Bankr. D. Del.) (settled on behalf of a class of over 600 employees); *Jackson v. Qimonda* NA, Case No. 09-50192 (Bankr. D. Del.) (settled on behalf of a class of over 1,200 employees); *Willock v. Pemco World Air Services, Inc.*, Case No. 12-50799 (Bankr. D. Del.) (settled on behalf of a class of approximately 500 employees); *Folk, et al. v. Monaco Coach Corporation,* Case No. 09-50402 (Bankr. D. Del.) (settled on behalf of a class of approximately 2,200 employees); *Decuir v. WL Homes LLC*, Case No. 09-52270 (Bankr. D. Del.) (settled on behalf of a class of approximately 85 employees); *Hampton v. Navigation Capital Partners, Inc.*, Case No. 1:13-747 (D. Del.) (settled on behalf of a class of approximately 160 employees); and *Kohlstadt* v. *Solyndra LLC,* Case No. 11-53155 (Bankr. D. Del.) (settled on behalf of a certified class of approximately 850 employees).

30. Additionally, we also represent plaintiffs in the following WARN class actions: *Ien v. Transcare Corporation, et al.*, Case No. 16-1033 (Bankr.S.D.N.Y.) (final approval of class settlement with Trustee granted on June 31, 2021); *Martz-Gomez v. Anna's Linen's, Inc.*, Adv. Proc. No. 8:15-bk-13008-TA (Bankr. C.D. Cal.) (settled); *Philips v. Munchery, Inc.*, 19-0469-JSC (N.D.Cal.) (settled); *Vance v. Zacky & Sons Poultry, LLC*, 18-01375-RK (Bankr.E.D.Cal.)(settled); *Kennedy v. Colortree Group, Inc.*, 3:19-cv-00424 (E.D.Va.) (settled); *Williams v. Live Well Financial, Inc.*, 1:19-cv-00868-CFC (D.Del.)(filed on behalf of putative WARN class); *Bergeron v. DGI Services, LLC*, 11-2712 (Bank. D.N.J.) (WARN class certified); *Primavera v. Crowne Architectural Systems, Inc.*, 17-01272-SLM (Bankr. N.J.)(settled); *Chism v. Lamar Construction Company*, Case No. 14-80170-jwb (W.D. Mich. Aug. 19, 2015) (settled); *Federman, et al. v. ITT Educational Services, Inc.*, Adv. Proc. No. 16-50296 (Bankr.S.D.Ind.)(certified class of over 4,000 members); *Pocrass v. Gymboree Group, Inc., et al.*, 19-03010-KLP (Bankr.E.D.Va)(settled); *Miranda v. DC Solar Solutions, Inc.* 19-5002-btb (Bankr.Nev.)(class certified); *Pennington, et al. v. Fluor Corporation, et al.*, 17-0294-JMC (D.S.C.) (class certification granted); *Grimes v. Evergreen Recreational Vehicles, LLC*, 16-00472-MGG (N.D. Ind.) (settled); *Singleton v. Alevo Manufacturing, Inc.,* Case No. 17-06024 (CLA) (Bankr. M.D.N.C.) (appointed interim class counsel); *Chenault v. CS Mining, LLC*, Case No. 16-02095 (WTT) (Bankr. D. Utah) (settled); *May v. Blackhawk Mining, LLC*, 319 F.R.D. 233, 236 (E.D. Ky. 2017 (settled); *Bent v. ABMD, Limited,* 439 B.R. 475 (Bankr. S.D. Ohio) (settled)*; Murphy v. LenderLive Network, Inc.*, Case No. 1:12-cv-07551 (D. Colo.) (settled); *Mofield v. FNX Mining Company USA Inc.*, Case No. 08-00105 (M.D. Tenn.) (settled); *Wojciechowski v. ClearEdge Power, Inc.*, Case No. 14-4152-CN (Bankr.N.D.Cal.) (settled); *Schuman v. The Connaught Group. Ltd.,* Case No. 12-10512 (SMB) (Bankr. S.D.N.Y.) (settled); *Callahan v.*

11

*Taylor Bean & Whitaker Mortgage Corp.,* Case No. 09-00439 (Bankr. M.D. Fla.) (settled on behalf of a class of 3,000 employees); *Mochnal v. EOS Airlines, Inc.*, Case No. 08-08279 (Bankr. S.D.N.Y.) (settled); *Barcelo v. Rhythm and Hues, Inc.,* Case No. 13-01206 (Bankr. C.D. Cal.) (settled); *Binford v. First Magnus Capital, Inc.*, Case No. 08-01494 (Bankr. D. Ariz.) (settled); *Bridges v. ContinentalAFA Dispensing Co.,* Case No. 08-45921 (Bankr. E.D. Mo.) (settled); *Johnson v. First NLC Financial Services, LLC,* Case No. 08-01130 (Bankr. S.D. Fla.)(settled); *Clayton v. Continental Promotion Group Inc*., Case No. 08-18112 (Bankr. M.D. Fla.) (settled); *Iannacone v. Fortunoff Holdings Inc.,* 09-22581 (Bankr. S.D.N.Y.) (settled); *Curry v. Caritas Health Care Inc*., Case No. 09-40901 (Bankr. E.D.N.Y.) (settled); *Thielmann, et al., v. MF Global Holdings Ltd., et al.,* Case No. 11-02880 (Bankr. S.D.N.Y.) (settled); *Conn et al. v. Dewey & LeBoeuf LLP,* Case No. 12-01672 (Bankr. S.D.N.Y.) (settled); *Matzen v. Corwood Laboratories, Inc.,* Case No. 10-08003 (Bankr. E.D.N.Y.) (settled); *Decker v. Data Listing Services, LLC,* Case No. 11-06373 (W.D.N.Y.) (settled).

### **Jack A. Raisner**

31.     Jack A. Raisner is a founding partner at Raisner Roupinian LLP. Prior to forming Raisner Roupinian LLP, Mr. Raisner spent over a decade as the co-chair of the WARN practice group at an employee rights firm in New York City.

32.     In addition to practicing law, Mr. Raisner is Professor of Law at Tobin College of Business, St. John's University. He is the author of *Pregnancy Discrimination and Parental Leave* (Aspen 2000), update editor of the two-volume treatise, *Representing Plaintiffs in Title VII Actions* (Aspen 2006), and numerous articles and legal texts encompassing an extensive range of issues. He is a contributing author of chapters in leading legal treatises, including *Employee Rights Litigation, Disability Discrimination in the Workplace, New York Employment Law, Employment*

*Litigation in New York, West's General Practice in New York*, and *International Labor and Employment Laws*. He has been a member of the American Bar Association, Section of Labor and Employment Law, Fair Labor Standards subcommittee where, starting in 2006, he delivered the annual conference presentation concerning attorneys' ethics in wage and hour class actions. His articles have appeared in various legal journals and publications, including the New York Law Journal and the New York State Bar Association Labor and Employment Newsletter. Mr. Raisner received his B.S. degree from Boston University in 1978 and his J.D. from Benjamin N. Cardozo School of Law in 1983. He is admitted to the New York bar. He is also admitted to practice in several federal district courts, four U.S. Court of Appeals Circuits, and the U.S. Supreme Court.

33. In May 2008, Mr. Raisner submitted testimony from the litigator's perspective on the need for WARN Act reform at the invitation of Senator Edward Kennedy, Chairman of the Senate Health Education Labor and Pensions (HELP) Committee of the U.S. Senate upon the occasion of the Committee's hearing on the 20th Anniversary of the WARN Act, at which his client testified regarding his class action against Quaker Fabrics, which resulted in a $1 million settlement in the U.S. Bankruptcy Court, District of Delaware.

**René S. Roupinian**

34. I am a founding partner of Raisner Roupinian LLP. I have actively litigated cases on behalf of employees under the WARN Act for almost two decades. Prior to forming Raisner Roupinian LLP, I spent over a decade as the co-chair of the WARN practice group at an employee rights firm in New York City. Since 2002, I have devoted 100% of my practice to the litigation of WARN cases. I have served as counsel in more than 150 WARN class actions, representing tens of thousands of employees. Those cases, in addition to the ones mentioned in paragraphs 29 and 30 above, include: *Ballentine v. Triad International Maintenance Corporation*, Case No. 01-10357

(E.D. Mich.); *Scott v. Greenwood Mills. Inc.*, Case No. 02-00221 (D.S.C.); *Andrews v. Pliant Systems Inc.*, Case No. 01-00065 (Bankr. E.D.N.C.); *Law v. American Capital Strategies Ltd.*, Case No. 05-00836 (M.D. Tenn. 2005); *Bandel v. L.F. Brands Marketing, Inc.*, Case No. 04-CV-01672 (S.D.N.Y. 2004); *Walsh v. Consolidated Freightways Corporation*, Case No. 03-01074 MG (Bankr. C.D. Cal.); *Gardner v. Pillowtex Corporation,* Case No. 03-60213 (Bankr. D. Del.); *Baker v. National Machinery Company*, Case No. 02-07444 (N.D. Ohio); *Ruggieri* v. *Teligent, Inc.,* 03-04871 (S.D.N.Y. 2003); *Trout v. Transcom USA, Inc.*, 03-00537 (S.D. Ind.); B*arajas v. Gonzalez Inc.*, Case No. 02-15508 (Bankr. D. Ariz.); *D'Andreis v. Thomaston Mills, Inc.*, Case No. 01-05142 (Bankr. M.D. Ga.); and *Michael Cain v. Inacom Corp.*, 00-01724 (Bankr. D. Del.).

35.     I have written numerous articles and lectured on WARN class action litigation. I have spoken on federal and state WARN rights and the litigation of WARN class claims before the American Bar Association, the New York State Bar Association, the National Employment Lawyers Association, the Midwest Regional Bankruptcy Seminar and other organizations, including presenting at the National Conference of Bankruptcy Judges on *Jevic – The Insider Story and the Impact on Future Chapter 11s*. Following is a list of my WARN presentations and publications:

**Presentations:**

2020

- o   Speaker: "What Every Employment Attorney Needs to Know About Bankruptcy, But is Afraid to Ask", National Employment Lawyers Association New York Fall Conference

2019

- o   Speaker: – Class Action and Bankruptcy Convergence; American Bankruptcy Institute Southeast Workshop

2017

- Speaker: *Jevic* – The Insider Story and the Impact on Future Chapter 11s; National Conference of Bankruptcy Judges

- Speaker: How will *Jevic* Change Chapter 11 Practice? ABI's Midwest Regional Bankruptcy Seminar

2016

- Speaker: "WARN Act Issues in Bankruptcy," 36th Annual ABI Midwestern Bankruptcy Institute

- Speaker: "WARN Act Update: What Labor and Employment Lawyers Need to Know," 53rd Annual Midwest Labor & Employment Law Seminar

2014

- Speaker: "Seeking Your Recovery: Pre-Judgment Attachment and Bankruptcy", National Employment Lawyers Association New York Affiliate

2010

- Speaker: "The Financial Crisis: Impact on WARN Act Cases," ABA Federal Labor Standards Legislation Committee Midwinter Meeting

- Speaker: "The Financial Crisis: Impact on WARN Act Cases," New York County Lawyers' Association

- Speaker: "Economy in Peril (Part 1): The Legal Landscape for Addressing Reductions in Force," American Bar Association teleconference

- Speaker: "WARN Act Specialist Offers Advice About Layoffs Amidst Tough Economic Times," Employment & Labor LAWCAST

- Speaker: "Layoff Law," Fairfield County Bar Association

- Speaker: "New Causes of Action: WARN Act and ERISA," National Employment Lawyers Association New York Affiliate

- Speaker: "Reductions in Force in Both a Union and Non-Union Setting," New York State Bar Association

- Speaker: "Attacking Mass Layoffs," National Employment Lawyers Association National Convention

- o Speaker: "Analyzing Employee Issues in Chapter 11," Midwest Regional Bankruptcy Seminar

- o Speaker: "The Last Resort: What Labor & Employment Lawyers Need to Know About Bankruptcy," American Bar Association

2008

- o Speaker: "Grasping the WARN Act through an interactive discussion addressing all the ins and outs," Tonkins Employment Law: Termination

**Publications:**

- o 2010 Co-Author with Jack A. Raisner and Michael Scimone: "*Fair Warning for Workers*," Trial Magazine, August 2010

- o 2008 Author: "*A Practitioner's Overview of the Deficiencies of the Worker Adjustment and Retraining Notification Act Twenty Years Following its Enactment*," The New York Employee Advocate, Volume 14, No. 5, June 2008

36. I have been quoted on WARN law rights and the firm's cases have been cited in such publications as the Wall Street Journal, the New York Times, American Lawyer, Associated Press, USA Today, Forbes, Newsday, Times-Gazette, The Herald News, and others.

37. In May 2008, together with Jack A. Raisner and our client, Joe Aguiar, I submitted testimony to the Senate Health Education Labor and Pensions (HELP) Committee of the U.S. Senate upon invitation from the Committee's Chair, Senator Edward Kennedy on the 20th Anniversary of the WARN Act. My testimony highlighted from a litigator's perspective, the deficiencies in the Act and its need for reform.

38. I received my BA from the University of Michigan, and my JD from Michigan State University College of Law. Prior to 2002, I was a partner in a Detroit law firm where I litigated individual employment claims and class actions. I have argued before the Michigan Court of Appeals and the Michigan Supreme Court and am a member of the bars of New York and Michigan. I am also admitted to the United States Supreme Court and the U.S. District Court of

Colorado.

## THE FORM AND MANNER OF NOTICE TO THE CLASS

39.     As shown by the accompanying brief, the Proposed Notice to the class satisfies the requirements for such a notice. The Notice fairly apprises Class members of the nature of the action, of their right to opt-out of the class, and of the effect of their failure to opt-out, namely, that they will be bound by the outcome of the litigation (attached as Exhibit C to supporting brief).

40.     The motion seeks approval of service of the Proposed Notice by first class mail sent to the address of each class member shown in the records of Defendants. As discussed in the accompanying brief, service in this manner is proper.

## CONCLUSION

In view of the foregoing, the annexed exhibits, the accompanying memorandum of law and the accompanying declarations of Plaintiffs in support of the motion, this Court should grant Plaintiffs' Motion in its entirety.

DATED: November 14, 2021

By:  /s/ René S. Roupinian
     RENÉ S. ROUPINIAN