# EXHIBIT D

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC., *et al.,*[1]<br><br>                Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>Jointly Administered |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated,<br><br>                Plaintiff,<br>v.<br><br>ART VAN FURNITURE, LLC, et al.,<br><br>                Defendants. | Adv. Pro. No. 20-50548 (CSS) |

**ORDER**
**CERTIFYING A CLASS AND GRANTING RELATED RELIEF**

AND NOW, upon consideration of Plaintiffs' Motion for Class Certification and Related Relief, the proposed Notice to the Class, and the Court being otherwise advised in the premises, and upon finding that the proposed class meets the requirements of Fed. R. Civ. P. 23(a) and (b) and Rule 23(b)(3), as made applicable by Fed. R. Bankr. P. 7023, it is hereby

ORDERED that Plaintiffs' Motion is GRANTED; and it is

FURTHER ORDERED that a class (the "Class") is certified comprised of:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

Plaintiffs and all persons (i) who worked at, reported to, or received assignments from Defendants' Facilities, (ii) who were terminated without cause beginning on or about March 19, 2020, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about March 19, 2020, and (iii) who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).and (iv) who have not filed a timely request to opt-out of the class, and it is

FURTHER ORDERED that Raisner Roupinian LLP is hereby appointed Class Counsel; and it is

FURTHER ORDERED that Plaintiffs Todd Stewart and Jennifer Sawle are hereby appointed Class Representatives; and it is

FURTHER ORDERED that the proposed form of Notice to the Class submitted to the Court is approved; and it is

FURTHER ORDERED that within ten (10) days after the entry of this Order, Defendants shall provide Class Counsel with the names and addresses of the class members as noted in Defendants' records; and it is

FURTHER ORDERED that on or before ten (10) days after receipt from Defendants of the names and addresses of the Class members, Class Counsel shall provide notice of the pendency of the class action lawsuit by mailing the Notice, First Class postage prepaid, to all class members to their last known address as noted in the records of the Defendants; and it is

FURTHER ORDERED that after such mailing, Class Counsel shall serve and file a sworn statement affirming compliance with this Order concerning the mailing of the Notice; and it is

FURTHER ORDERED that the deadline for any Class Member to opt-out of the Class shall be 30 days from the date of mailing of the Notice; and it is

FURTHER ORDERED that after the opt-out deadline has expired, Class Counsel shall serve and file a sworn statement listing the names of any persons who have opted out of the Class; and it is

FURTHER ORDERED that Notice in compliance with this order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient notice to all class members in full compliance with the notice requirements of Fed. R. Civ. P. 23.

AND IT IS SO ORDERED.

Dated: _____. 202\_\_            _____
                                                                            **CHRISTOPHER S. SONTCHI**
                                                                            **UNITED STATES BANKRUPTCY JUDGE**