# EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated, | Adv. Pro. No. 20-50548 (CSS) |
| Plaintiff, | |
| v. | |
| ART VAN FURNITURE, LLC, et al., | |
| Debtors. | |

### DECLARATION OF RENÉ S. ROUPINIAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION TO DEFER RULING

Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302)-388-1944
Email: mjoyce@mjlawoffices.com

OF COUNSEL:

René S. Roupinian (*admitted pro hac vice*)
Jack A. Raisner (*admitted pro hac vice*)
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for Plaintiffs and the putative class*

René S. Roupinian hereby declares the following under penalty of perjury:

1.      I am a partner of Raisner Roupinian LLP, the law firm that represents Plaintiffs Todd Stewart and Jennifer Sawle, on behalf of themselves and all others similarly situated ("Plaintiffs") in the above-captioned action. I am an attorney in good standing admitted to practice in the State of New York and before this Court. I make this declaration in support of Plaintiffs' Opposition to Chapter 7 Trustee's Motion for Summary Judgment and Cross Motion to Defer Ruling.

2.      On December 10, 2020, the Chapter 7 Trustee (the "Trustee"), on behalf of the Debtors, filed an Answer to the Complaint generally denying the allegations and asserting several affirmative defenses, including that the terminations were caused by unforeseeable business circumstances, that notice was not required because the terminations were caused by a natural disaster, that Debtors acted in good faith, and that the Plaintiffs' claims are not entitled to first priority post-petition administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A). (D.I. 1, 25).

3.      On April 28, 2021, my office served Plaintiffs' First Set of Interrogatories to Defendants, Plaintiffs' First Request for Production of Documents to Defendants and a Certificate of Service on counsel for the Trustee. (Attached hereto as **Exhibit A**).

4.      In early June 2021, I negotiated a stipulated scheduling order with counsel for the Trustee. Among the issues we discussed was an agreed informal exchange of information to

narrow the issues of contention and obtain information relevant to the makeup of the putative class given Defendants had not yet responded to Plaintiffs' First Request for Production of Documents and First Set of Interrogatories. We also agreed to stay formal discovery. This agreement is reflected in paragraph 10 of the Stipulated Scheduling Order entered by the Court on June 10, 2021 (D.I. 31, attached hereto as **Exhibit B**).

5.      The June 10th Stipulated Scheduling Order also provides that "[t]he Parties shall exchange informal discovery requests by June 21, 2021," (Ex. B, ¶ 11) and "fact discovery[] shall be completed and closed within [180] days from the filing of the Mediator's report." (Ex. B, ¶ 22). The Stipulated Scheduling Order also states that "Plaintiffs reserve the right to oppose the Trustee's Summary Judgment Motion on all grounds including, that the Trustee Motion is premature and should be filed, if at all, at the conclusion of fact discovery." (Ex. B, ¶ 20).

6.      On June 21, 2021, pursuant to the parties' agreement to informally exchange documents prior to mediation, I emailed an informal request to Trustee's counsel seeking the following information (Attached hereto as **Exhibit C**):

1. Documents which shows that on or about Jan 5, 2020, Debtor was engaged in discussions for an amount of capital that if received would have avoided the GOB sale.

2. Documents which show any unforeseeable business circumstance that occurred between Jan 5 and Mar 5 that made the GOB sale and sending of WARN notice on March 5 unforeseeable.

3. Documents which show any COVID related event that took place prior to March 19 that affected Debtor's ability to remain viable.

4. Documents which show decision(s) that precipitated Debtor's pursuit of GOB sales.

5. Documents which show the Debtor's options up to March 19 to avoid conducting permanent terminations on or around that date.

6. Documents which show the infeasibility of Debtor's options that would have avoided permanent terminations on or around March 19.

7. Documents which show the number of employees Debtor engaged after March to carry out GOB sales or other business, at the eight WARN locations.

8. Board minutes from January 1, 2020 and thereafter.

7.      On July 12, 2021,  Trustee's Counsel responded (response attached hereto as **Exhibit D**), naming certain public documents and court filings and producing a total of three documents: (1) Art Van Holding Co., Inc. Q1 Board Member Meeting dated February 4, 2020 (heavily redacted), (2) Board Member Minutes dated April 2, 2020 (almost entirely redacted), and (3) Wind Down Plans dated March 23, 2020.

8.      On July 27, 2021, the parties attended mediation with the Hon. Kevin Gross but no settlement was reached, as set forth in the Mediator's Final Report filed on October 15, 2021. (D.I. 39). The filing of the Mediator's Report triggered a resumption of fact discovery pursuant to the June 10 Scheduling Order. (Ex. B, ¶ 22).

9.      On October 29, 2021, the parties exchanged initial Rule 26(a) disclosures (D.I. 41-42).

10.      On October 29, 2021, the Trustee filed a First Amended Answer to the Complaint (D.I. 40) (attached hereto as **Exhibit E**). In his First Amended Answer, the Trustee denies that Debtors were an "employer" under 29 U.S.C. § 2101(a)(1) and 20 C.F.R.  §  639(a), and asserts additional new defenses, namely that  Plaintiffs are required to arbitrate their WARN claims, that at the time notice was required Art Van was no longer operating as a going concern but was a liquidating fiduciary, and that Debtors acted in good faith in carrying out the terminations. The Trustee also denies that Plaintiffs' WARN claims are entitled to priority under  11 U.S.C. § 503, 11 U.S.C. § 507 and 11 U.S.C. § 726. (Ex. E, ¶¶ 57-59, 66-67, 71).

11.      On November 16, 2021, Plaintiffs' counsel contacted Trustee's counsel to request the Trustee serve overdue responses to the first set of discovery requests served on April 28, 2021. On November 17, 2021, Trustee's counsel responded that Defendants would serve responses on or before December 1, 2021. (Attached hereto as **Exhibit F**).

12.     On November 17, 2021, my office served Plaintiffs' Second Request for Production of Documents to Defendants and a corresponding Certificate of Service. (Attached hereto as **Exhibit G**). The Second Request for Production of Documents seeks documents relevant to the newly raised affirmative defenses in the Trustee's First Amended Answer to the Complaint, including communications with Defendants' owners and Wells Fargo relating to financing for the company and efforts to liquidate the company. (*See, e.g.*, Ex. G, Request Nos. 11-17).

13.     On December 1, 2021, two days before Plaintiffs' response to the Trustee's Motion for Summary Judgment was due, Trustee's Counsel propounded written responses to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents, served April 28, 2021. (Attached hereto as **Exhibit H**). Trustee's Counsel produced no documents in response to those requests.

14.     Attached are true and correct copies of the documents listed and described above in support of Plaintiffs' Opposition to Chapter 7 Trustee's Motion for Summary Judgment and Cross-Motion to Defer Ruling.

15.     Plaintiffs have not received documents, or been able to take depositions, concerning Defendants' purported liquidation process, the operations of the stores during the pendency of the bankruptcy, Defendants' efforts to obtain financing, and the decision-making process that led to the terminations of Defendants' employees. These facts directly relate to the Trustee's liquidating fiduciary defense, the unforeseeable business circumstances defense, and the natural disaster defense. Because of the lack of meaningful discovery on these issues, Plaintiffs are unable to justify their opposition to most of the facts asserted in the Trustee's Motion.

DATED: December 3, 2021 Respectfully submitted,

By: /s/ René S. Roupinian

RENÉ S. ROUPINIAN

# EXHIBIT A

*to Declaration of René S. Roupinian*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated, | Adv. Pro. No. 20-50548 (CSS) |
| Plaintiffs, | |
| v. | |
| ART VAN FURNITURE, LLC, et al., | |
| Defendants. | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil Procedure Plaintiffs Todd Stewart and Jennifer Sawle, on behalf of themselves and all others similarly situated (the "Plaintiffs"), by and through their attorneys, requests that Debtor Art Van Furniture, LLC, et al. (together "Debtors" or "Defendants"):

## DEFINITIONS

Unless indicated otherwise, the following words and phrases are defined and used herein as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

1.      "Plaintiffs" shall mean Todd Stewart and Jennifer Sawle, the persons named as Plaintiffs in the caption of this action.

2.      "Defendants" or "Debtors" shall mean the entities named in the caption of this action, including each of the names under which it conducts business, its respective employees, officers, directors, agents, advisors, consultants, attorneys and representatives and all other persons under its control.

3.      "Putative Class Members" shall mean the putative class defined as: Plaintiffs and all persons (i) who worked at, reported to, or received assignments from Defendants' Facilities, (ii) who were terminated without cause beginning on or about March 19, 2020, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about March 19, 2020, and (iii) who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

4.       "Facilities" shall mean the sites where Defendants conducted business operations during the period January 1, 2020 through September 30, 2020 and which fall under the WARN Act's definition of "Facility or Operating Unit" or "Single Site of Employment" (29 C.F.R. § 639.3), including, but not limited to, the facilities located at 6500 E. 14 Mile Road, Warren, Michigan, 14055 Hall Rd. Shelby Township, Michigan and 8748 West Saginaw Highway, Lansing, Michigan.

5.      "Affirmative Defense" shall mean a ground for dismissal that Defendants have or intend to assert including in the Answer to the Complaint, dated December 10, 2020 (ECF 25).

6.      The "WARN Act" shall mean the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*.

7.　　"Communication" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise such as in e-mail form.

8.　　"Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including without limitation, electronic or computerized data compilations such as e-mails. A draft or non-identical copy is a separate document within the meaning of this term.

9.　　 "Identify" with respect to documents:  When referring to documents, to "identify" means to give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, (iv) author(s), addressee(s) and recipient(s), and (v) the last known location of the document and the identity of person who has possession of it.

10.　　"Identify" with respect to persons:  When referring to persons, to "identify" means to give the name, the title, the last known residence address, the last known e-mail address, and the last known business address of the person.

11.　　The terms "Plaintiff" or "Defendants," as well as a party's full or abbreviated name or a pronoun referring to a party shall mean the party and, where applicable, its officers, directors, employee, partners, corporate parent, subsidiaries, or affiliates.

12.　　"Person" is defined as any natural person or any business, legal or governmental entity or association.

13.　　"Concerning" means relating to, referring to, describing, evidencing, or constituting.

14.　　The terms "all" and "each" shall be construed as all and each.

15.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.     The use of the singular form of any word includes the plural and vice-versa.

## INSTRUCTIONS

1.      In answering the following Interrogatories, you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

2.      If, in answering the following Interrogatories, you are unable to answer fully, after exercising due diligence to obtain the information to do so, you shall answer said Interrogatory to the fullest extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the portion thereof not fully answered.

3.      If, in answering the following Interrogatories, you state in whole or in part "unknown" or otherwise indicate any similar lack of knowledge, you shall state by whom efforts were and are being made to obtain the information requested.

4.      If you claim that the attorney-client privilege or any other privilege is applicable to the response to any Interrogatory, you shall state the following: (a) the nature of the allegedly privileged communication, i.e., written or oral, (b) the date of that communication, (c) the parties to that communication, and (d) the subject matter and circumstances of each communication in sufficient detail to allow a ruling on such claim as to that communication.

5.      You shall respond completely to each Interrogatory or subdivision thereof, setting forth the question in full followed by each answer.

6.     These Interrogatories are continuing in nature.  If following responses hereto additional responsive information comes into Defendants' possession or control, you are required to provide that information in a supplemental response.

## INTERROGATORIES

1.     Identify every person who participated in any discussions on behalf of Defendant regarding the decision to wind-down operations beginning on March 5, 2020 and terminate the Plaintiffs and the Putative Class Members.

**ANSWER:**


2.      Identify every individual who received the "WARN Act Notice" dated March 5, 2020 from Cathrine Wenger, Senior Counsel, that was distributed to employees (attached as Exhibit B to Plaintiffs' First Request for Production of Documents to Defendants), including a) the date received, b) his or her work address or facility to which he or she was assigned, c) the manner of distribution, and d) his or her last day of work.

**ANSWER**:


3.     Identify every individual who received the document titled "Termination of Benefits" dated March 19, 2020 (attached as Exhibit C to Plaintiffs' First Request for Production of Documents to Defendants), including a) the date received, b) his or her work address or facility to which he or she was assigned, c) the manner of distribution, and d) his or her last day of work.

**ANSWER:**

4.     Identify the total number of employees at each of Debtors' facilities where the March 19, 2020 "Termination of Benefits" (attached as Exhibit C to Plaintiffs' First Request for Production of Documents to Defendants) was distributed.

**<u>ANSWER:</u>**

5.     Identify every individual who received the document titled "Memorandum" to "Employees Affected By Closing of Art Van Furniture Stores located at 6500 E 14 Mile Rd, Warren, MI, 48092; 27775 Novi Rd, Novi, MI, 48377; 4375 28th St SE, Grand Rapids, MI, 49321; 4095 E Court St, Burton, MI, 48509; 14055 Hall Rd, Shelby Township, MI, 48315; 8748 W Saginaw Hwy, Lansing, MI, 48917; and 4273 Alpine Ave Nw Ste B, Alpine, MI, 49321" dated March 19, 2020 (attached as Exhibit D to Plaintiffs' First Request for Production of Documents to Defendants), including a) the date received, b)  his or her work address or facility to which he or she was assigned, c) the manner of distribution, and d) his or her last day of work.

**<u>ANSWER:</u>**

6.     Identify the date that drafting of the following documents began and all persons who participated in the drafting of each document:

(a) Frequently Asked Questions-Store Associates (Art Van, Levin and Wolf Closing), (attached as Exhibit E to Plaintiffs' First Request for Production of Documents to Defendants);

(b) Meeting Instructions to Art Van and Wolf Leaders (WARN Announcement/Talking Points) dated March 5, 2020 (attached as Exhibit F to Plaintiffs' First Request for Production of Documents to Defendants);

(c) "Frequently Asked Questions #1/ Benefits Contacts" (attached as Exhibit G to Plaintiffs' First Request for Production of Documents to Defendants); and

(d) "Important Company Announcement, Memorandum to All Team Members" dated March 5, 2020 (attached as Exhibit A to Plaintiffs' First Request for Production of Documents to Defendants).

**<u>ANSWER</u>:**

7.      For every meeting held (including in person, telephonically or remotely) with the Plaintiffs and Putative Class Members regarding their terminations, state the date of each meeting, identify every attendee at the meeting, and describe all written communications distributed to employees at the meeting.

**<u>ANSWER</u>:**

8.      Identify every employee who signed the WARN Act Notice Receipt Acknowledgment (attached as Exhibit H to Plaintiffs' First Request for Production of Documents to Defendants) and produce all lists of attendees, sign-in sheets, scripts, memos, summaries, and compilations of such lists.

**<u>ANSWER</u>:**

9.      State whether Defendants consulted with legal counsel regarding the drafting of Exhibits A-H to Plaintiffs' First Request for Production of Documents to Defendants and, if the answer is in the affirmative, identify the name of such legal counsel, state the date on which each communication occurred and the participants.

**<u>ANSWER</u>:**

10.     Identify every address and location where Defendants conducted business operations where the employees did not receive a WARN Notice and state the reason employees there did not receive a WARN Notice.

**ANSWER:**

11.     State whether Plaintiffs and the Putative Class Members were paid all earned bonuses including productivity bonuses and variable compensation following their terminations. If the answer is in the negative, please state or produce documents sufficient to determine, the amount of each Putative Class Member's accrued but unpaid bonuses and variable compensation.

**ANSWER:**

12.     Identify every partner, employee, manager, principal, or executive of Defendants who participated in any discussions leading to the decision to terminate the employment of Plaintiffs and the Putative Class Members.

**ANSWER:**

13.     State in detail why 60 days' notice was not provided to Plaintiffs and the Putative Class Members, and identify at least one officer, director, or manager of Defendants with personal knowledge thereof.

**ANSWER**:

14.     Identify each and every person who participated in drafting Exhibits A through H to Plaintiffs' First RTP to Defendants, including the dates of his or her participation.

**<u>ANSWER:</u>**


15.     State in detail the "business circumstances that were not reasonably foreseeable at the time notice would have been required" as set forth in Defendants' First Affirmative Defense and identify at least one individual with personal knowledge of these circumstances.

**<u>ANSWER</u>:**


16.     State every date Defendants conducted a meeting of its boards of directors during the period March 1, 2019 through June 30, 2020 and, for each date, identify the participants in the meeting.

**<u>ANSWER:</u>**


17.     State the name of each member of Defendants' boards of directors during the period March 1, 2019 through June 30, 2020 and, for each person state the term and professional affiliation.

**<u>ANSWER:</u>**


18.     Identify each officer, director, managing director, principal, executive, agent, employee, partner, and managing partner of any party, including, but not limited to, Thomas H. Lee Partners, L.P., who participated in the negotiation and/or decision-making of obtaining

financing and/or working capital for Defendants during the period March 1, 2019 through March 19, 2020.

**ANSWER**:


19.     Identify each and every partner, employee, manager, principal or executive of any party, including, but not limited to, Thomas H. Lee Partners, L.P. who negotiated on behalf of Defendants to enter into contracts with lenders to provide operating capital to the Facilities during the March 1, 2019 through March 19, 2020.

**ANSWER:**


20.     Identify each and every meeting and/or teleconference between all employees, executive, officers, directors, advisors and agents of Defendants and sources of capital including investors or prospective investors, and lenders and prospective lenders that occurred regarding efforts to obtain financing for Defendants during the period March 1, 2019 through June 30, 2020 and, for each such meeting and/or teleconference, identify the participants and date that such meeting(s) and/or teleconference(s) occurred.

**ANSWER:**


21.     Identify each and every meeting and/or teleconference between all employees, executive, officers, directors, advisors and agents of Defendants and any party regarding any transaction to sell all or parts of Defendants' business or assets during the period March 1, 2019 through June 30, 2020 and, for each such meeting and/or teleconference, identify the participants and date that such meeting(s) and/or teleconference(s) occurred.

**ANSWER:**


22.     Identify each and every meeting and/or teleconference between all employees, executive, officers, directors, advisors and agents of Defendants and any party that occurred regarding efforts to obtain new business for Defendants during the period March 1, 2019 through June 30, 2020 and, for each such meeting and/or teleconference, identify the participants and date that such meeting(s) and/or teleconference(s) occurred.

**ANSWER:**


23.     Identify each and every meeting and/or teleconference between all employees, executive, officers, directors, advisors and agents of Defendants and any party that occurred regarding efforts to liquidate Defendants during the period January 1, 2020 through June 30, 2020 and, for each such meeting and/or teleconference, identify the participants and date that such meeting(s) and/or teleconference(s) occurred.

**ANSWER:**


24.     Identify each and every meeting and/or teleconference between all employees, executive, officers, directors, advisors and agents of Defendants at which the impact of COVID-19 was discussed January 1, 2020 through June 30, 2020 and, for each such meeting and/or teleconference, identify the participants and date that such meeting(s) and/or teleconference(s) occurred.

**ANSWER:**

25.     Identify (or produce documents sufficient to identify) all capital investments, loans and guarantees made to Defendants from March 1, 2019 through June 30, 2020.

**<u>ANSWER</u>**:


26.     State in detail the facts and legal grounds and identify the witnesses and identify (or produce) the documents on which Defendants intend to rely to support each of their affirmative defenses to Plaintiffs' Complaint, as set forth in the Answer dated December 10, 2020 (ECF 25).

**<u>ANSWER</u>**:


27.     Identify all documents that Defendants intend to utilize at trial in this matter.

**<u>ANSWER</u>**:


28.     Identify all witnesses that Defendants intend to call at trial in this matter.

**<u>ANSWER</u>**:


Dated: April 28, 2021

By:     */s/ René S. Roupinian*
        René S. Roupinian, Esq. (P52737)
        Jack A. Raisner, Esq.
        **RAISNER ROUPINIAN LLP**
        270 Madison Avenue, Suite 1801
        New York, New York 10016
        Telephone: (212) 221-1747
        Facsimile: (212) 221-1747
        Email: rsr@raisnerroupinian.com
        Email: jar@raisnerroupinian.com

**THE LAW OFFICES OF JOYCE, LLC**
Michael J. Joyce (No. 4563)
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302)-388-1944
Email: mjoyce@mjlawoffices.com

*Attorneys for Plaintiffs and the putative class*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated, | Adv. Pro. No. 20-50548 (CSS) |
| Plaintiffs, | |
| v. | |
| ART VAN FURNITURE, LLC, et al., | |
| Defendants. | |

## PLAINTIFFS' FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Plaintiffs Todd Stewart and Jennifer Sawle, on behalf of themselves and all others similarly situated (the "Plaintiffs"), by and through their undersigned counsel, request that Debtor Art Van Furniture, LLC, et al. (together "Debtors" or "Defendants") respond to the following requests for production within 30 days of the date of service:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

## **DEFINITIONS**

Unless indicated otherwise, the following words and phrases are defined and used herein as follows:

1.    "Plaintiffs" shall mean Todd Stewart and Jennifer Sawle, the persons named as Plaintiffs in the caption of this action.

2.    "Defendants" or "Debtors" shall mean the entities named in the caption of this action, including each of the names under which it conducts business, its respective employees, officers, directors, agents, advisors, consultants, attorneys and representatives and all other persons under its control.

3.    "Putative Class Members" shall mean the putative class defined as: Plaintiffs and all persons (i) who worked at, reported to, or received assignments from Defendants' Facilities, (ii) who were terminated without cause beginning on or about March 19, 2020, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about March 19, 2020, and (iii) who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

4.    "Facilities" shall mean the sites where Defendants conducted business operations during the period January 1, 2020 through September 30, 2020 and which fall under the WARN Act's definition of "Facility or Operating Unit" or "Single Site of Employment" (29 C.F.R. § 639.3), including, but not limited to, the facilities located at 6500 E. 14 Mile Road, Warren, Michigan, 14055 Hall Rd. Shelby Township, Michigan and 8748 West Saginaw Highway, Lansing, Michigan.

5.    "Affirmative Defense" shall mean a ground for dismissal that Defendants have or intend to assert including in their Answer to the Complaint, dated December 10, 2020 (ECF 25).

6.      The "WARN Act" shall mean the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*.

7.      "Communication" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise such as in e-mail form.

8.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including without limitation, electronic or computerized data compilations such as e-mails. A draft or non-identical copy is a separate document within the meaning of this term.

9.       "Identify" with respect to documents:  When referring to documents, to "identify" means to give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, (iv) author(s), addressee(s) and recipient(s), and (v) the last known location of the document and the identity of person who has possession of it.

10.     "Identify" with respect to persons:  When referring to persons, to "identify" means to give the name, the title, the last known residence address, the last known e-mail address, and the last known business address of the person.

11.     The terms "Plaintiff" or "Defendants," as well as a party's full or abbreviated name or a pronoun referring to a party shall mean the party and, where applicable, its officers, directors, employee, partners, corporate parent, subsidiaries, or affiliates.

12.     "Person" is defined as any natural person or any business, legal or governmental entity or association.

13.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

14.     The terms "all" and "each" shall be construed as all and each.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. The use of the singular form of any word includes the plural and vice-versa.

## INSTRUCTIONS

Unless otherwise indicated, the following instructions apply to, and are incorporated into, all Definitions, Requests, and Instructions:

1. With respect to each document produced, Plaintiffs request that Defendants specify the Request(s) to which the document is responsive.

2. Pursuant to Fed. R. Civ. P. 34, each document shall be produced as it is kept in the usual course of business and shall be organized and labeled with the categories in these requests.

3. At or before the filing of the complaint in this case, Defendants were under a duty to preserve documents and ESI related to this matter. Accordingly, Plaintiffs expect that Defendants and its counsel will prevent the destruction or alteration of any documents requested herein by the operation of any electronic information system (routine or otherwise) and hereby put Defendants on notice that any destruction or alteration of such documents, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiffs' counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendants does not believe that it can reasonably comply with this instruction, Plaintiff requests that Defendants contact Plaintiffs' counsel in writing, within 10 days from receipt of these Requests, to meet and confer about whether immediate Court intervention is necessary.

4.      Unless otherwise indicated, Plaintiffs request that Defendants produce responsive documents pursuant to the agreements reached by the parties after their meet and confer discussions about the preferred format for such production.  Plaintiffs request that Defendants not unilaterally select an electronic format for production.

5.      Alternatively, if Defendants do not wish to meet and confer about the format for production of documents, Plaintiffs request such documents as follows:

a.      Documents should be provided on DVD, CD or external hard drive. The volume of the ESI will determine whether documents are provided on CD, DVD or hard drives.

b.      Documents should not be zipped, compressed, encrypted, or otherwise restricted or proprietarily protected for specific use.

c.      Defendants may compress and/or encrypt the production archive for delivery purposes but should provide passwords for any compressed archives under separate cover, along with a description of any software needed to decrypt the archive.

d.      A cover letter or fact sheet should be included describing in as much detail as practicable the contents of the collection.

e.      Documents created or stored electronically should not be produced in hard copy.  All ESI should be produced with the metadata requested below.

f.      All documents should be produced as they are ordinarily maintained, for example, organized by custodian or source.

g.      All productions should be free of computer viruses.

h.      All deliverables should include a metadata load file that is a .DAT or .TXT format with standard Concordance delimiters, and contain all fields outlined below.  Image load files should be provided in .OPT format.

5

i.  Documents should be produced with TIFF images and named according to the Bates number of the corresponding TIFF image. Each *.tiff file should be assigned a unique name matching the Bates number of the corresponding image. The Bates number should be consistent across the production, contain no special characters, and be numerically sequential within a given document. Attachments to documents should be assigned Bates numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached. If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers should be noted, for example, with a placeholder.

j.  All unredacted documents should be provided with complete document-level extracted text files. In the event a document contains text which is to be redacted, OCR text files should be provided for any un-redacted portions of the documents. Document-level OCR text files should be provided for any unredacted portions of redacted documents and for all hard copy scanned documents. The extracted full text and/or OCR text for all deliverables should be in separate document-level TXT files. These TXT files may either be provided in a separate folder or included in the same folder as their corresponding images. The number of TXT files per folder should be limited to 1,000 files.

k.  Paper documents should be scanned and processed to TIFF files. If a document is available to Defendants both in paper and electronic form, Plaintiffs request that Defendants produce the requested document in electronic form, as described herein.

l.  For email collections, the parent-child relationships (the association between emails and attachments) should be preserved. Email attachments should be consecutively produced with the parent email record.

m.      Documents originating in spreadsheet or presentation programs such as Excel or Powerpoint should be produced in native form.  For deliverables containing native files such as Excel and PowerPoint files, a native file path/link should be included in the metadata load file. Additionally, a Bates-stamped TIFF placeholder should be included in the production and reflected in the image load file. The number of native files per folder should be limited to 1,000 files.

n.      In the event that responses to these requests contain ESI from proprietary or non-proprietary databases, the parties will meet and confer to discuss the fields contained in the database and the best means of producing responsive information from them, such as running reports or queries.  In the event that ESI will be produced directly from a database, the ESI should be produced in a comma delimited file or in Excel format, with all formulae and records of irregular or manual manipulation of data reflected.  If proprietary software is required to access or use documents in their native format, please supply such software.  A written list of all database fields and a reasonable description for each field, or a "database dictionary" should be included.

o.      All images should be provided in single-page, Group IV TIFF with a resolution of 300 DPI.  Bates numbers and confidentiality designations should be electronically branded on each produced *.tiff image. These .TIFF images should be provided in a separate folder and the number of TIFF files per folder should be limited to 1,000 files.

p.      For deliverables containing multi-media files, the following production format should be used:

i.      Audio Data Files: Audio data files should be produced in audio Windows Media Audio ("WMA") format or "MP3" format.

ii. Video Files: Video files should be produced in Audio/Video Interleaved ("AVI") format.

iii. Image Files: If providing color images, files should be produced in "JPEG/JPG" format with a resolution of 150 to 300 DPI.

q. Metadata to be produced: The following metadata fields should be produced for each document to the extent that such information is available at the time of collection and processing, except that if a field contains privileged information, that privileged information may be redacted and noted in a corresponding privilege log. All requests should be read to include a request for all metadata associated with all documents responsive to the request.

| FIELD NAME | DESCRIPTION | CATEGORY |
| --- | --- | --- |
| BEGDOC | Starting bates | Hardcopy, edoc, email and attachment |
| ENDDOC | Ending bates | Hardcopy, edoc, email and attachment |
| PARENTID | First bates number of parent email. (Populate in child(ren) record(s) only) | Emails and attachments (populated through processing) |
| FAMLYRNG OR ATTACHRNG | Family (Range of bates related documents (i.e. email & attachment) - this field will be populated for all records in the family.) | Hard copy, edoc, emails and attachments (populated through processing) |
| BEGATTACHID | First BATES of attachment(s) | Hard copy, edoc, emails and attachments (populated through processing) |
| ENDATTACHID | Last BATES of family (populate on families only) | Hard copy, edoc, emails and attachments (populated through processing) |
| CUSTODIAN | Person from whom file was obtained | Hardcopy (if coded), edoc, email and attachment (populated through processing) |
| PRPERTIES OR RCRDTYPE | Record Type – will be either "email", "attachment", "edoc" or "hardcopy" | |
| FROM | Email Author | Emails (populated through processing) |
| TO | Recipient | Emails (populated through processing) |

| FIELD NAME | DESCRIPTION | CATEGORY |
| --- | --- | --- |
| **CC** | CC field - In the event of emails | Emails (populated through processing) |
| **BCC** | Bcc field - in the event of emails | Emails (populated through processing) |
| **SUBJECT** | Subject | Emails (populated through processing) |
| **DOCTITLE** | Document Title/name of the original native file as it existed at the time of collection. | Hardcopy (if coded), edoc or attachment (populated through processing) |
| **DOCDATE** | Document Date/Date Sent, format MM/DD/YYYY, this is the SORT_DATE field, so populate across families | Email and Attachments |
| **DATESENT** | Email Sent Date, format MM/DD/YYYY | Emails (populated through processing) |
| **TIMESENT** | Date sent 00:00:00 AM/PM | Emails (populated through processing) |
| **DATECREATED** | Date first created, format MM/DD/YYYY | Edoc or attachment (populated through processing) |
| **DATESVD** | Date last saved/modified, format MM/DD/YYYY | Edoc or attachment (populated through processing) |
| **TIMESVD** | Time saved 00:00:00 AM/PM | (populated through processing) |
| **DATERCVD** | Date received/accessed, format MM/DD/YYYY | Emails (populated through processing) |
| **TIMERCVD** | Time received 00:00:00 AM/PM | (populated through processing) |
| **PAGECOUNT** | Document page count | Edoc or attachment (populated through processing) |
| **ATTILE** | File name/Attachment Name | Electronic files and/or attachments (populated through processing) |
| **APPLICAT** | Application used to open the file (Word, PowerPoint, Adobe, Excel, Explorer, Quicken, etc.) | Electronic files and/or emails, attachments (populated through processing) |
| **FOLDERID      OR ORIGFOLDERPATH OR**<br><br>**FILEPATH** | File path/folder structure of original native file as it existed at the time of collection.<br><br>i.e. Path of email in mailbox (populate for email attachments also); Filepath of edocs or scanned docs (if requested) | Electronic files and/or emails, attachments (populated through processing) |

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| **DOCLINK** or **NATIVEFILE** | Active link reflecting current filepath back to the native file | Electronic files and/or emails, attachments (populated through processing **and only provided if receiving native files**.) |
| **FILEEXTEN** | In the event of attachments or emails, this will enable us to search by document type. Sample contents: *PST, MSG, PDF, DOC, PPT, HTM,* etc. etc. | Electronic files and/or emails, attachments (populated through processing) |
| **AUTHOR** | In the event of attachments, this field contains the 'author' of the document | For Hard Copy docs (if coded) or electronic files and or attachments (populated through processing) |
| **HASH** | Hash value for de-dupe | Electronic files and/or attachments (populated through processing) |
| **HEADER** | Contains all the routing information from the header section of an email message | Emails (populated through processing) |
| **TEXT** | Text of email in the event of emails; text of attachment in the event of attachments; We recognize that some attachments will not have text that can be properly rendered into text (JPGs, GIFs, Flash Files, etc.), but for those flat files such as PDFs which do not have extractable text, we would like them OCR'd, and the contents placed in the TEXT field. | For Hardcopy, electronic files, emails and attachments. |

6.      With respect to each request, Defendants are requested to provide all documents in its possession, custody, or control that are known to Defendants or that Defendants can locate or discover through reasonably diligent efforts.

7.      If Defendants cannot respond or produce documents in response to any part of the following Requests in full, please respond to the extent possible, specifying the reason or reasons

for Defendants' inability to respond or produce documents in response to the remainder of the Requests.

8.      If, to Defendants' knowledge, documents responsive to one or more requests were never in Defendants' possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

9.      If any responsive document was formerly in Defendants' possession, custody, or control but has been eliminated from Defendants' possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

    a.   The basis for withholding such document;

    b.   A generic description of the document being withheld;

    c.   The date the information contained in the document was learned or the document created;

    d.   The identity of the individual(s) who learned the information or authored the document;

    e.   The date the document was transmitted or otherwise made available to anyone; and

    f.   The specific Request(s) to which the withheld document relates.

10.     If requested documents are maintained in a file, folder, or other container, please produce the file, folder, or other container, or a complete copy of same, with the documents.  For ESI that originates in a digital folder structure, please produce the folder names and relationships as metadata.

11.     The scope of your search for ESI shall include all forms of ESI collection, preservation, transmission, communication, and storage, including:

a. All ESI generated and maintained in the ordinary course of business, including ESI stored on mainframe computers or local and network computers or drives or servers or any other media or location where ESI can be or is stored;

b. Distributed data or removable data, i.e., information which resides on portable media and non-local drives, including home computers, laptop computers, magnetic or floppy discs, CD-ROMs, DVDs, zip drives, Internet repositories including email hosted by Internet service providers, handheld storage devices such as PDAs, BlackBerry devices, cellular telephones, and flash memory drives;

c. Forensic copy or backup ESI, including archive and backup data tapes and discs;

d. Network ESI, including voice mail systems, email servers, ISP servers, network servers, cloud servers and fax servers;

e. Legacy ESI, i.e., retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete;

f. Metadata, i.e., information regarding a particular data set which describes how, when and by whom it was collected, created, accessed and modified and how it is formatted.

12.     Unless otherwise indicated in writing, the failure to produce any documents in response to any request herein means that such documents do not exist, or are not in Defendants' possession, custody, or control, or the possession, custody, or control of Defendants' agents or anybody acting on Defendants' behalf.

13.     To the extent documents responsive to these requests have already been produced by Defendants, state the unique identifier (e.g., MD 5 Hash value) or Bates number for each responsive document that was previously produced.

## DOCUMENT REQUESTS

1.     Produce all documents that relate to or reflect Defendants' responses to Plaintiffs' First Set of Interrogatories to Defendants.

2.     Produce all documents and/or communications reflecting communications that relate to this action.

3.     Produce all documents and/or communication sent and received by every director, board member and officer of Defendants concerning the decision to terminate the employment of Plaintiffs and Putative Class Members.

4.     Produce documents that reflect the number of employees who worked at each of the Facilities during the period between October 1, 2019 through June 30, 2020, including their beginning-and-end dates of employment.

5.     Produce documents that reflect the number of employees (including part-time and full-time) who worked at each of Defendants' Facilities during the period between October 1, 2019 through June 30, 2020, including their beginning-and-end dates of employment.

6.     Produce documents that reflect the address of each of Defendants' Facilities where employees received a termination notice dated March 19, 2020, and the names of employees at each store who received the notice.

7.     Produce documents that reflect the address of each of Defendants' Facilities where employees received the document dated March 5, 2020, titled "Important Company Announcement", addressed to All Team Members from the Executive Team (attached hereto as Exhibit A), and the names of employees at each store who received the notice.

8.     Produce documents that reflect the address of each of Defendants' Facilities where employees received a WARN notice dated March 19, 2020, and the names of employees at each store who received the notice.

9.     Produce documents that reflect the address of each of Defendants' Facilities where employees received a copy of the document dated March 5, 2020, titled "WARN Act Notice," from Cathrine Wenger, Senior Counsel, that was distributed to employees (attached hereto as Exhibit B), and the names of employees at each store who received the notice.

10. Produce all documents and/or communications reflecting the drafting of the documents dated March 5, 2020, titled "WARN Act Notice," from Cathrine Wenger, Senior Counsel, that was distributed to employees in Michigan and Illinois (attached hereto as Exhibit B).

11. Produce documents that reflect Plaintiffs and the Putative Class Members' employment benefits, including health insurance (medical, dental and vision), supplemental insurance, life insurance, long and short-term disability benefits, time-off benefits, retirement savings, health and welfare benefits, including 401k plans, company vehicle, fuel, and education reimbursement.

12. Produce all documents and/or communications concerning every in-person meeting held on or before March 5, 2020 at which Defendant's managers, executives, directors, board members or supervisors met with Defendant's employees regarding their terminations, including all lists of attendees, sign-in sheets, scripts, memos, handouts and talking points for such meeting(s).

13. Produce all documents and/or communications reflecting the drafting of the document "Termination of Benefits" dated March 19, 2020 (attached hereto as Exhibit C).

14. Produce all documents and/or communications reflecting the drafting of the document titled "Memorandum" to "Employees Affected By Closing of Art Van Furniture Stores located at 6500 E 14 Mile Rd, Warren, MI, 48092; 27775 Novi Rd, Novi, MI, 48377; 4375 28th St SE, Grand Rapids, MI, 49321; 4095 E Court St, Burton, MI, 48509; 14055 Hall Rd, Shelby Township, MI, 48315; 8748 W Saginaw Hwy, Lansing, MI, 48917; and 4273 Alpine Ave Nw Ste B, Alpine, MI, 49321" dated March 19, 2020 (attached hereto as Exhibit D).

15.     Produce all documents and/or communications reflecting the drafting of the document "Frequently Asked Questions-Store Associates (Art Van, Levin and Wolf Closing)" (attached hereto as Exhibit E)

16.     Produce all documents and/or communications reflecting the drafting of the document titled "Meeting Instructions," dated March 5, 2020, addressed to "Art Van and Wolf Leaders" from Michelle Dolski & Irene Fostyk (attached hereto as Exhibit F).

17.     Produce all documents and/or communications reflecting the drafting of the document titled "Frequently Asked Questions #1/ Benefits Contacts" (attached hereto as Exhibit G).

18.     Produce all documents reflecting every employee who signed the WARN Act Notice Receipt Acknowledgment, including lists of attendees, sign-in sheets, scripts, memos, summaries, and compilations of such lists (attached hereto as Exhibit H).

19.     Produce all minutes, records, and resolutions of Defendants' Board of Directors meetings during the period March 1, 2019 through June 30, 2020, including submissions to the Boards of Directors and committees of the Boards of Directors at, or in anticipation of, such meetings.

20.     Produce all documents and/or communications reflecting efforts to seek additional business which would have enabled Defendants to avoid the terminations of Plaintiffs and Putative Class Members.

21.     Produce all documents and/or communications concerning Defendants' financing during the period. March 1, 2019 through June 30, 2020.

22.     Produce all documents and/or communications during the period March 1, 2019 through June 30, 2020 reflecting proposals for financing, loans, capital investments, loan

guarantees and capital infusions from any source, including but not limited to Thomas H. Lee Partners, L.P., to the Debtors to fund Debtors' operations.

23.     Produce all documents and/or communications during the period March 1, 2019 through June 30, 2020 reflecting Debtors' default of its revolving credit facility with Wells Fargo, including all communications regarding Wells Fargo's agreement to a forbearance until March 28, 2020.

24.     Produce all documents and communications during the period March 1, 2019 through March 28, 2020 reflecting Wells Fargo assuming control of Defendants' available cash.

25.     Produce all documents and/or communications during the period March 1, 2019 through March 28, 2020 reflecting all agreements between Defendants and Wells Fargo that Defendants would immediately begin preparing for a "going-out-of-business" liquidation if was unable to raise capital by February 28, 2020.

26.     Produce all documents and/or communications during the period March 1, 2019 through March 28, 2020 reflecting the terms of all outstanding loans, credit lines, and other indebtedness between Defendants and its lenders that were in existence as of February 28, 2020.

27.     Produce all documents and/or communications between Defendants and its lenders during the period March 1, 2019 through September 30, 2020 referencing the maturity date of all outstanding loans, credit lines, and other indebtedness by Defendant that were in existence as of March 19, 2020.

28.     Produce all documents and/or communications between Defendants and its lenders during the period March 1, 2019 through March 19, 2020 that refer or relate to all forbearance agreements between Defendants and its lenders that were in effect during that period.

29. Produce all documents and/or communications reflecting efforts to seek capital or financing which would have enabled Defendants to avoid the terminations of Plaintiffs and Putative Class Members.

30. Produce all documents and/or communications reflecting efforts to renegotiate leases or reduce expenses which would have enabled Defendants to avoid the terminations of Plaintiffs and Putative Class Members.

31. Produce all documents and/or communications concerning Defendants' seeking of capital during the period. March 1, 2019 through June 30, 2020.

32. Produce all documents and/or communications during the period March 1, 2019 through June 30, 2020 reflecting proposals for financing, loans, capital investments, loan guarantees and capital infusions from any source, including but not limited to Thomas H. Lee Partners, L.P., to the Debtors to fund Debtors' operations.

33. Produce all documents and/or communications reflecting efforts to seek capital or financing which would have enabled Defendant to avoid the terminations of Plaintiffs and Putative Class Members.

34. Produce all documents and/or communications concerning a sale of all or parts of Defendants' company or operational assets during the period March 1, 2019 through June 30, 2020.

35. Produce all documents and/or communications that reflect any agreement by Robert Levin to purchase Levin Furniture and select Wolf stores pending court approval.

36. Produce all documents and/or communications from the period March 1, 2019 through June 30, 2020 concerning any proposed sale of Defendants' assets to any third-party entity.

37.     Produce all documents and/or communications concerning Defendants' efforts to renegotiate leases or reduce expenses during the period March 1, 2019 through March 31, 2020.

38.     Produce all documents and/or communications concerning Defendants' decision to file for bankruptcy during the period March 1, 2019 through March 8, 2020.

39.     Produce all documents and/or communications concerning Defendants' liquidation, including its winddown and cessation of operations during the period December 1, 2019 through September 30, 2020.

40.     Produce all documents and/or communications during the period March 1, 2019 through March 28, 2020 reflecting all agreements between Defendants and Wells Fargo that Defendants would immediately begin preparing for a "going-out-of-business" liquidation if was unable to raise capital by February 28, 2020.

41.     Produce all documents and/or communications concerning any change in the terms or conditions of the employment of Defendants' employees during the period January 1, 2020 through September 30, 2020.

42.     Produce all documents and/or communications concerning the consideration of COVID-19 as it related to Defendants during the period January 1, 2020 through September 30, 2020.

43.     Produce all documents and/or communications that refer to Defendants' First Affirmative Defense in its Answer that the terminations were caused by "business circumstances that were not reasonably foreseeable as of the time that notice would have been required" and that "AVF and LEVIN gave as much notice as was practicable along with a brief statement of the basis for reducing the notification period pursuant to 29 U.S.C. § 2102(b)(3)." (ECF 25)

44.     Produce all documents and/or communications that refer to Defendants' Second Affirmative Defense in its Answer that the mass layoffs or plant closings were caused by a natural disaster and that "AVF and LEVIN gave as much notice as was practicable along with a brief statement of the basis for reducing the notification period pursuant to 29 U.S.C. § 2102(b)(3)." (ECF 25)

45.     Produce all written opinions by Defendants' legal counsel to Defendants' owner(s), officers and/or directors concerning Defendants' legal obligations to its employees pursuant to the WARN Act.

46.     Produce all documents and/or communications that Defendants will rely upon to defend this action.

Dated: April 28, 2021

<div style="margin-left: 40%">

*/s/ René S. Roupinian*
René S. Roupinian (*admitted pro hac vice*)
Jack A. Raisner (*admitted pro hac vice*)
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

**THE LAW OFFICES OF JOYCE, LLC**
Michael J. Joyce (No. 4563)
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302)-388-1944
Email: mjoyce@mjlawoffices.com

*Attorneys for Plaintiffs and the putative class*

</div>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated, | Adv. Pro. No. 20-50548 (CSS) |
| Plaintiffs, | |
| v. | |
| ART VAN FURNITURE, LLC, et al., | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Jenny Hoxha, under penalty of perjury, certify the following as true and correct:  I am

not a party to this action, employed by Raisner Roupinian LLP, and I am over 18 years of age. I

hereby certify that I caused true and correct copies of *Plaintiffs' First Set of Interrogatories to*

*Defendants, Plaintiffs' First Request for Production of Documents to Defendants, Exhibits A-H*

and the corresponding *Certificate of Service* to be served upon the parties listed below via email

as listed below:

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

**<u>Service List</u>:**

Bradford J. Sandler
Colin R. Robinson
Peter J. Keane
Beth Levine
**PACHULSKI STANG ZIEHL & JONES LLP**
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Email: bsandler@pszjlaw.com
crobinson@pszjlaw.com
pkeane@pszjlaw.com
blevine@pszjlaw.com


*Counsel to Alfred T. Giuliano, Chapter 7 Trustee for Debtors*


Dated:  April 28, 2021

/s/      *Jenny Hoxha*                
              Jenny Hoxha

# EXHIBIT B

*to Declaration of René S. Roupinian*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated, | Adv. Pro. No. 20-50548 (CSS) |
| Plaintiff, | |
| v. | |
| ART VAN FURNITURE, LLC, et al., | |
| Defendants. | |

<u>**PRETRIAL SCHEDULING ORDER**</u>

Todd Stewart and Jennifer Sawle (the "Plaintiffs"), together with Alfred T. Giuliano, the

Chapter 7 Trustee for Debtors (the "Trustee") (collectively "the Parties"), by and through their

counsel, hereby submit this Pretrial Scheduling Order, and, in support thereof, aver the following:

1.     On March 8, 2020, the Debtors each filed a Voluntary Petition for Relief under

Chapter 11 of the Bankruptcy Code.  (Bankr. No. 20-10553, D.I. 2).

2.     On March 10, 2020, the Debtors' cases were consolidated for joint administration.

(Bankr. No. 20-10553, D.I. 71).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463) (collectively, the "Debtors").

3.      On March 23, 2020, Plaintiffs commenced an adversary proceeding against the above-captioned debtor-defendants ("Defendants"), which adversary proceeding is docketed as No.  20-50548 (CSS) (the "Adversary Proceeding") (Adv. D.I. 1).

4.      The Complaint alleges that the Defendants violated the Federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq*. (the "WARN Act") and seeks relief on behalf of a putative class of present or former employees of the Defendants (the "Complaint").

5.      On April 7, 2020, the bankruptcy case was converted to Chapter 7 and the Trustee was appointed. (Bankr. No. 20-10553, D.I. 263, 264).

6.      Between March and December, the Parties agreed to extend the deadline for Defendants to respond to the Complaint and utilized the extensions to work cooperatively and diligently in exchanging information relevant to the WARN claim.

7.      On December 10, 2020, the Debtors filed an Answer to the Complaint. (Adv. D.I. 25).

8.      On April 28, 2021, Plaintiffs served *Plaintiffs' First Set of Interrogatories* and *Plaintiffs' First Request for Production of Documents* on Defendants (collectively, the "Plaintiffs' Discovery Requests").

9.      On May 26, 2021, the Court entered an Order Assigning Adversary Proceeding to Mediation setting July 26, 2021, as the deadline for submission of a Mediation Report.  (Adv. D.I. 26).

10.      The Parties have conferred and agreed, subject to Court approval, to stay litigation and proceed to mediation with the exchange of limited informal discovery prior to mediation so long as it is without prejudice to the Trustee's right to move for summary judgment and

2

Plaintiffs' right to oppose summary judgment as premature absent full discovery, should the Parties not reach a mediated settlement.

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to the above-captioned adversary proceeding.

**IT IS HEREBY ORDERED** that:

11.     The Parties shall exchange informal discovery requests by June 21, 2021.

12.     The Parties have conferred and agree to Ret. Judge Kevin Gross as Mediator (the "Mediator").

13.     Subject to the Mediator's schedule, the Parties shall complete mediation by August 31, 2021.

14.     All formal discovery and litigation shall be stayed during the mediation process, including without limitation, the Trustee's obligation to respond to the Plaintiffs' Discovery Requests.

15.     If the Parties are unable to reach a consensual resolution of the Adversary Proceeding the following deadlines shall apply:

16.     Unless otherwise agreed to by the parties or ordered by the Court, Plaintiffs and the Trustee shall exchange their Initial Disclosures as detailed in Bankruptcy Rule 7026(a)(1) within  fourteen (14) days of the filing of the Mediator's Report stating a settlement has not been reached ("Mediator's Report").

17.     Unless otherwise agreed to by the parties or ordered by the Court, all amended pleadings shall be filed within fourteen (14) days of the filing of the Mediator's Report.

18.     The Trustee may file and serve a motion for summary judgment (the "Trustee Summary Judgment Motion"), if any, within thirty (30) days of the filing of the Mediator's

Report. To the extent the Trustee Summary Judgment Motion is filed, and unless the Court orders otherwise, supporting memoranda shall be filed with the Trustee Summary Judgment Motion at the time of its initial presentation.  With respect to the Trustee Summary Judgment Motion, a responding memorandum shall be filed within 21 days following the filing of the Trustee Summary Judgment Motion, and a reply memorandum, if any, shall be filed 14 days thereafter.

19.    Unless otherwise ordered by the Court, the length of all memoranda and briefs filed in connection with any substantive motion (whether the Trustee Summary Judgment Motion, Class Certification Motion (as defined below) or otherwise) shall be governed by Rule 7007-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

20.    Plaintiffs reserve the right to oppose the Trustee Summary Judgment Motion on all grounds including, that the Trustee Motion is premature and should be filed, if at all, at the conclusion of fact discovery.

21.    Plaintiffs shall file a Motion for Class Certification (the "Class Certification Motion"), if any, no later than  thirty (30) days from the filing of the Mediator's Report. Unless otherwise ordered by the Court, a responding memorandum shall be filed within 21 days following the filing of the Class Certification Motion, if any, and a reply memorandum, if any, shall be filed 14 days thereafter.

22.    Unless otherwise agreed by the parties and approved by the Court, to the extent applicable, all fact discovery, shall be completed and closed within one-hundred and eighty (180) days from the filing of the Mediator's Report. Unless otherwise agreed by the parties or Order by Court, all discovery of electronic documents shall proceed in accordance with Local Rule 7026-3.

23.     To the extent applicable, the parties shall exchange expert reports regarding any issue on which he, she, it or they bear the burden of proof within two-hundred and forty (240) days of the filing of the Mediator's Report, and the other party shall have thirty (30) days thereafter to file a rebuttal report.  Depositions of experts shall be completed within thirty (30) days from the date of submission of the last rebuttal report ("Final Expert Report Submission Date"), after which time all expert discovery shall be completed and closed.

24.     To the extent applicable, the parties may file dispositive motions within thirty (30) days after the Final Expert Report Submission Date.  To the extent any dispositive motions are filed, and unless the Court orders otherwise, supporting memoranda shall be filed with any dispositive motion at the time of its initial presentation,  responding memoranda shall be filed within 21 days following the filing of a dispositive motion, and reply memoranda, if any, shall be filed 14 days thereafter.

25.     The parties shall comply with the General Order Governing Pre-Trial Procedures in Adversary Proceedings Set for Trial before Judge Christopher S. Sontchi as may be amended or restated from time to time. The parties shall file, no later than three (3) business days prior to the earlier of the date set for (i) pre -trial conference (if one is scheduled) or (ii) trial, their Joint Pre-Trial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Christopher S. Sontchi's chambers.

26.     The above dates may be modified by consent of the parties without need for further order of this Court or by Order of this Court.

27.      The parties will contact the Bankruptcy Court for a date for a status conference, which status conference shall be for the purpose of (i) setting a date by which pre-trial disclosures under Bankruptcy Rule 7026(a)(3) shall be served, (ii) scheduling a pre-trial

conference to schedule a date and time of trial, and (iii) addressing such other issues as the

Bankruptcy Court or the parties deem necessary and appropriate.

28.     The Plaintiffs shall serve this Pretrial Scheduling Order on the Trustee's counsel

within 5 business days after the entry of this Pretrial Scheduling Order.

**Dated: June 10th, 2021**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_DE:234840.1 05233/003

# EXHIBIT C

*to Declaration of René S. Roupinian*

Erin,

Thank you for your email.

Similarly, following is our informal request for documents in advance of the scheduled mediation.

1.     Documents which shows that on or about Jan 5, 2020, Debtor was engaged in discussions for an amount of capital that if received would have avoided the GOB sale.
2.     Documents which show any unforeseeable business circumstance that occurred between Jan 5 and Mar 5 that made the GOB sale and sending of WARN notice on March 5 unforeseeable.
3.     Documents which show any COVID related event that took place prior to March 19 that affected Debtor's ability to remain viable.
4.     Documents which show decision(s) that precipitated Debtor's pursuit of GOB sales.
5.     Documents which show the Debtor's options up to March 19 to avoid conducting permanent terminations on or around that date.
6.     Documents which show the infeasibility of Debtor's options that would have avoided permanent terminations on or around March 19.
7.     Documents which show the number of employees Debtor engaged after March to carry out GOB sales or other business, at the eight WARN locations.
8.     Board minutes from January 1, 2020 and thereafter.

Please note we are working to create a putative damages model to share in advance of the mediation so the parties are, ideally, apples to apples.  To the extent we do not have certain information or employee data to determine the putative class composition and damages, we reserve the right to supplement this request.   Thank you.

Best,

René S. Roupinian | Partner
RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, NY 10016
T & F 212-221-1747
rsr@raisnerroupinian.com
www.raisnerroupinian.com
www.warnlawyers.com


-----Original Message-----
From: Erin Gray <egray@pszjlaw.com>
Sent: Monday, June 21, 2021 8:18 PM
To: Jack Raisner <jar@raisnerroupinian.com>; Rene Roupinian <rsr@raisnerroupinian.com>
Cc: Bradford J. Sandler <bsandler@pszjlaw.com>; Beth Levine <blevine@pszjlaw.com>; Alfred Giuliano <atgiuliano@giulianomiller.com>
Subject: Stewart v. Art Van

Dear Jack and Rene:

Pursuant to the parties agreed scheduling order, below please find the informal discovery that the Trustee would like to have in advance of the scheduled mediation.

As to each plaintiff, please provide the following:

1. A copy of the Warn Act Notice that each plaintiff received;

2. Copies of all applications (including the initial application, subsequent applications and biweekly or periodic certifications) each plaintiff made, if any, for unemployment insurance benefits ("UIB") on or after March 19, 2020.

3. With respect to UIB applied for and/or received after March 19, 2020, documents evidencing the amount and duration of UIB each plaintiff received from March 19, 2020 to present.

4. Documents evidencing efforts by each plaintiff to obtain employment from March 19, 2020 to present.

5. Documents evidencing any stimulus payments received by each plaintiff.

Sincerely,

Erin Elizabeth Gray

# **EXHIBIT D**

*to Declaration of René S. Roupinian*

| **From:** | Gail Lin |
| **To:** | Gail Lin |
| **Subject:** | FW: In re Art Van: Warn Act Litigation Informal Discovery Requests |
| **Date:** | Thursday, December 2, 2021 9:07:52 AM |
| **Attachments:** | 1. AVF Holding Company Fiscal 2020 Q1 Board Member Update Final_REDACTED....pdf |
| | AVF Holding Company Inc Board Minutes_04.02.20_REDACTED.PDF |
| | Art Van Wind Down Plan-CFs 3.23.20 FINALv2.pdf |

**From:** Erin Gray <egray@pszjlaw.com>
**Sent:** Monday, July 12, 2021 7:50 PM
**To:** Jack Raisner <jar@raisnerroupinian.com>; Rene Roupinian <rsr@raisnerroupinian.com>
**Cc:** Beth Levine <blevine@pszjlaw.com>; Bradford J. Sandler <bsandler@pszjlaw.com>;
'atgiuliano@giulianomiller.com' <atgiuliano@giulianomiller.com>
**Subject:** In re Art Van: Warn Act Litigation Informal Discovery Requests

Dear Jack and Rene:

Below (and attached) please find the Trustee's responses to your informal discovery requests. The
highlighted items are attached to this email. The others are all either pleadings, transcripts or
executive orders/proclamations related to COVID that are publically available.

Beth will get back to you on your email of today.

Sincerely,

Erin Gray

1. **Documents which shows that on or about Jan 5, 2020, Debtor was engaged in discussions
   for an amount of capital that if received would have avoided the GOB sale.**

The Trustee objects to this request on the grounds that it is not reasonably calculated to lead to
discoverable information.

2. **Documents which show any unforeseeable business circumstance that occurred between
   Jan 5 and Mar 5 that made the GOB sale and sending of WARN notice on March 5
   unforeseeable.**

It is not the Trustee's position that sending the WARN ACT notice on March 5 (which contemplated a
May 5 shut down) and the GOB Sales that were to take place prior to the May 5 shutdown were
unforeseeable. It is the Trustee's position that the shutdown of the country, the closing of
nonessential businesses and the shelter-in-place orders due to COVID-19 that occurred between
March 5 and March 19 was an unforeseeable business circumstance (and a natural disaster) that
caused the layoffs on March 20, 2020 after the Company issued the March 19, 2020 Revised WARN
Act Notice.

3. **Documents which show any COVID related event that took place prior to March 19 that**

**affected Debtor's ability to remain viable.**

The Trustee objects to this request on the grounds that the terms "remain viable" are ambiguous. Notwithstanding the objection and without waiving it, please refer to the following:

> Transcript of Hearing on March 12, 2020
> Transcript of Hearing on March 19, 2020
> Transcript of Hearing on April 6, 2020
> Declaration of David Lane [Doc 12]
> Interim Cash Collateral Order [Doc. 93]
> Amended Motion to Convert [Doc. 252]
> Executive Order 2020-4 issued 3/10/2020 (Michigan)
> Executive Order 2020-5 issued 3/12/2020 (Michigan)
> Presidential Proclamation declaring National Emergency issued 3/13/2020
> Executive Order 2020-6, 2020-7 issued 3/13/2020 (Michigan)
> Bankruptcy Court for the District of Delaware First General Order issued 3/13/2020
> Executive Order 2020-9 issued 3/16/2020 (Michigan)
> Gov. Tom Wolf, Executive Order, dated March 19, 2020
> (https://www.governor.pa.gov/wpcontent/ uploads/2020/03/20200319-TWW-COVID-19-business-closure-order.pdf)

4. **Documents which show decision(s) that precipitated Debtor's pursuit of GOB sales.**

Please see responses to request numbers 1, 2, 3 and 8.

5. **Documents which show the Debtor's options up to March 19 to avoid conducting permanent terminations on or around that date.**

Due to COVID-19, the Debtors had no options up to March 19 to avoid conducting permanent terminations on or around that date.

6. **Documents which show the infeasibility of Debtor's options that would have avoided permanent terminations on or around March 19.**

The Trustee objects to the term "infeasibility". Notwithstanding the objection and without waiving it, please see answer to request number 5.

7. **Documents which show the number of employees Debtor engaged after March to carry out GOB sales or other business, at the eight WARN locations.**

The Trustee did not conduct any GOB sales, nor were any GOB sales after March prior to the Trustee's appointment; however, the below documents describe generally the employees who were (or would be) retained after March in connection with the wind-down. If you need additional information, we can ask the Trustee for payment records to the employees that he retained, but you will need to narrow your time frame, please.

<mark>Art Van Wind Down Planning Update dated March 23, 2020.</mark>
Trustee's Motion for Authority to Operate Business [Docket 350] and Order [713].

8. **Board minutes from January 1, 2020 and thereafter.**

Please see attached. We are currently looking for additional board minutes but have been unable to locate any to date.

February 4, 2020 Board Meeting: <mark>First Quarter 2020 Board Fiscal Update</mark>

April 2, 2020 Board Meeting: <mark>Board Minutes</mark>

**Erin Elizabeth Gray**
Pachulski Stang Ziehl & Jones LLP
Tel: 310.277.6910 | Mobile: 843.693.8141
egray@pszjlaw.com



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

# EXHIBIT E

*to Declaration of René S. Roupinian*

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| | Adv. Proc. No. 20-50548 (CSS) |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated, | |
| Plaintiff, | |
| v. | |
| ART VAN FURNITURE, LLC, et al., | |
| Defendants. | |

## CHAPTER 7 TRUSTEE'S FIRST AMENDED ANSWER TO COMPLAINT FOR VIOLATION OFWARN ACT AND AFFIRMATIVE DEFENSES

For his amended answer to the *Class Action Adversary Proceeding Complaint for Violation of the WARN Act, 29 U.S.C. §2101, et seq* (the "Complaint") filed by Plaintiffs Todd Stewart and Jennifer Sawle (purportedly on behalf of themselves and all others similarly situated), Alfred T. Giuliano (the "Trustee"), on behalf of the chapter 7 bankruptcy estates of Art Van Furniture, LLC, AVF Holding Company, Inc., AVCE, LLC, AVF Holdings I, LLC, AVF Holdings II, LLC, AVF Parent, LLC, Levin Parent, LLC, Art Van Furniture of Canada, LLC, AV Pure Sleep Franchising, LLC, AVF Franchising, LLC, LF Trucking, Inc., Sam Levin, Inc.,

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

and Comfort Mattress LLC (collectively, the "<u>Debtors</u>" or the "<u>Defendants</u>"), states as follows[2]:

<div align="center"><u>Nature Of the Action</u></div>

1.     The Trustee admits that Plaintiffs purport to bring a claim under the Workers Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "<u>WARN Act</u>").  The Trustee is informed and believes that Plaintiffs were employed by debtor Art Van Furniture, LLC ("<u>AVF</u>"). The Trustee is without sufficient knowledge or information as to whether "mass layoffs or plant closings" began on March 4, 2020, and therefore these allegations are denied. The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied. The Trustee denies that the Defendants violated the WARN Act or any other law and denies that Plaintiffs are entitled to any relief.

2.     The Trustee admits that the Plaintiffs were terminated, along with 700 other employees of AVF and Sam Levin, Inc. ("<u>Levin</u>"). The remaining allegations are conclusions of law to which no response is required. To the extent that a response is deemed required, the allegations are denied. The Trustee denies that the Defendants violated the WARN Act or any other law and denies that Plaintiffs are entitled to any relief.

<div align="center"><u>Jurisdiction and Venue</u></div>

3.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

---

[2] Pursuant to the Pretrial Scheduling Order [Docket No. 31], "Unless otherwise agreed to by the parties or ordered by the Court, all amended pleadings shall be filed within fourteen (14) days of the filing of the Mediator's Report." The Mediator's Report was filed on October 15, 2021 [Docket No. 39].

4.    The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

5.    The allegations in this paragraph are conclusions of law to which no responsive pleading is required.

## The Parties

6.    The Trustee admits that Plaintiff Todd Stewart ("STEWART") was employed by AVF as the store manager at the AVF facility at 14055 Hall Rd. Shelby Township Michigan (the "Shelby Store").  The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.  If a response is deemed required, the allegations are denied.

7.    The Trustee admits that Plaintiff Jennifer Sawle ("SAWLE") was employed by AVF as a salesperson at the AVF store located at 8748 West Saginaw Highway, Lansing, Michigan (the "Lansing Store"). The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.  If a response is deemed required, the allegations are denied.

8.    The Trustee is informed and believes that on or about March 5, 2020, AVF notified Plaintiff STEWART and Plaintiff SAWLE in writing as follows:

> Art Van Furniture, LLC (the "Company") has made the difficult decision to wind-down its operations, which will include the closure of its facilities located at 6500 E 14 Mile Rd, Warren, MI, 48092; 27775 Novi Rd, Novi, MI, 48377; 4375 28th St SE, Grand Rapids, MI,49321; 4095 E Court St, Burton, MI, 48509; 14055 Hall Rd, Shelby Township, MI, 48315; 8748 W Saginaw Hwy, Lansing, MI, 48917; and 4273 Alpine Ave Nw Ste B, Alpine, MI, 49321, and will be permanently terminating the employment of all employees at these locations. The Company submits this notice to you to satisfy any obligation that may exist under the federal

3

Worker Adjustment and Retraining Notification Act, 29 U.S.C. §
2101 et seq. (the "WARN Act"). If no obligations exist, this notice
is being provided to you voluntarily. All terminations of
employment will be permanent and you will not have bumping
rights for other positions (i.e., you will not have the right to
displace employees with less seniority). While an exact date has
not yet been established for these closures, it is anticipated that
your employment with the Company will terminate on May 5,
2020 or a date within 14 days thereafter which may be provided to
you by the Company (your "Termination Date"). Nothing in this
letter alters your at-will employment status with the Company.
You will be required to work through your Termination Date,
following which date you will not be required to report to work or
provide any services to the Company.

(the "Warn Act Notice"). The remaining allegations are denied.

9.      The Trustee admits that Plaintiffs were not terminated on May 5, 2020.

The Trustee is informed and believes that on March 19, 2020, AVF notified Plaintiffs in writing

as follows:

On March 5, 2020, Art Van Furniture, LLC (the "Company")
informed employees that it had made the difficult decision to wind-
down its operations, to include the closure of its retail facilities
located at 6500 E 14 Mile Rd, Warren, MI, 48092; 27775 Novi Rd,
Novi, MI, 48377; 4375 28th St SE, Grand Rapids, MI, 49321;
4095 E Court St, Burton, MI, 48509; 14055 Hall Rd, Shelby
Township, MI, 48315; 8748 W Saginaw Hwy, Lansing, MI,
48917; and 4273 Alpine Ave Nw Ste B, Alpine, MI, 49321, which
would in the permanent termination the employment of all
employees at these locations. Since initial notice, the Company has
been impacted by the novel COVID-19 virus and the resulting, and
sudden, negative economic impact. Due to these unforeseen
events, the Company can no longer support the wind-down of its
retail operations through the originally projected termination date.
The Company, therefore, submits this revised notice to you to
satisfy any obligation that may exist under the federal Worker
Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et
seq. (the "WARN Act"). All terminations of employment will be
permanent and you will not have bumping rights for other
positions (i.e., you will not have the right to displace employees
with less seniority). The employment of Art Van's sales associates
and other commissioned employees, visuals, housekeepers, drivers,
helpers, and other hub warehouse staff, Selling Managers and
Outlet Managers as well as any Sales or Store Manager who is not

> scheduled to perform services on March 21, 2020 or March 22, 2020, will be terminated on March 20, 2020. All CPU's and office staff, along with the Store Manager and/or Sales Manager scheduled to work on March 21, 2020 or March 22, 2020 will be terminated at the end of the business day on March 22, 2020. Nothing in this letter alters your at-will employment status with the Company. You will be required to work through your Termination Date, following which date you will not be required to report to work or provide any services to the Company.

(the "<u>Revised Warn Act Notice</u>"). The remaining allegations are denied.

10. On information and belief, the Trustee admits that Plaintiff SAWLE's last day of employment was March 20, 2020.

11. The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

12. The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and on that basis, the allegations are denied.

13. On information and belief, the Trustee admits that in connection with the cessation of the Debtors' operations, AVF terminated approximately 3,006 employees between March 20, 2020 and April 3, 2020, and LEVIN terminated approximately 1,355 employees between March 20, 2020 and May 29, 2020 (collectively, the "<u>Terminated Employees</u>"). The Trustee denies that the Terminated Employees were terminated without advance written notice. The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph as to unnamed class members, and as such they are denied.

5

14. The Trustee admits the allegations in this paragraph.

15. The Trustee admits that AVF maintained and operated its corporate headquarters at 6340, 6440 and 6500 E. 14 Mile Road, Warren, Michigan (the "<u>Headquarters Facility</u>") and that it operated additional facilities. The Trustee denies that AVF or any other Defendant owned the Headquarters Facility. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required.

16. On information and belief, the Trustee admits the allegations in this paragraph as of the Petition Date.

17. The Trustee lacks sufficient knowledge to admit or deny the allegations in this paragraph, which are therefore denied.

18. The Trustee denies that the Petition Date was March 9, 2020. On information and belief, the Trustee admits that prior to March 8, 2020 (the "<u>Petition Date</u>"), the Debtors operated stores in Michigan, Indiana, Ohio, Illinois, Pennsylvania, Maryland, Missouri, and Virginia, with approximately 4,500 employees.

19. The Trustee admits that between March 20, 2020 and May 29, 2020, AVF and LEVIN terminated the Terminated Employees. On information and belief, the Trustee admits that AVF, although not required, in an abundance of caution provided the Warn Act Notice on or about March 5, 2020 and the Revised Warn Act Notice on or about March 19, 2020 to employees who worked at the following locations: (a) 27775 Novi Road, Novi MI 48377 (AVF Store 19); (b) 4375 28th Street SE Grand Rapids, MI 49512 (AVF Store 25); (c) 4095 East Court Street Burton, MI 48509 (AVF Store 34); (d) 14055 Hall Road Shelby Township, MI 48315 (AVF Store 44); (e) 8748 West Saginaw Highway Lansing MI 48917 (AVF Store 71); (f)

6

4273 Alpine Avenue NW Comstock Park MI 49321 (AVF Store 83); (g) 6340, 6440 and 6500 E

Fourteen Mile Road in Warren, MI 48092 (Tech Plaza/AVF Warehouse/Corporate); (h) 1150

115th Street Bolingbrook, IL 60490 (AVF Bolingbrook Warehouse and AVF Store 180); (i)

1021 Butterfield Road Downers Grove IL 60515 (AVF Store 197) (the "AVF Target

Locations").  On information and belief, the Trustee admits that between March 20, 2020 and

April 3, 2020, in connection with the cessation of the Debtors' operations, AVF terminated

approximately 1551 employees who worked at the AFV Target Locations and 1455 employees

who worked at its other locations (the "AVF Non-Target Locations").  On information and

belief, the Trustee admits that LEVIN, although not required, in an abundance of caution,

provided the Warn Act Notice on or about March 5, 2020 and the Revised Warn Act Notice on

or about March 19, 2020 to employees who worked at 301 Fitz Henry Road Smithton PA 15479

(the "LEVIN Target Location").  On information and belief, the Trustee admits that between

March 20, 2020 and May 29, 2020, in connection with the cessation of the Debtors' operations,

LEVIN terminated approximately 305 employees who worked at the LEVIN Target Location

and 1050 employees who worked at its other locations (the "LEVIN Non-Target Locations").

The remaining allegations are conclusions of law to which no response is required. To the extent

that a response is deemed required, the allegations are denied.

20.     The Trustee is without knowledge or information sufficient to form a belief

as the truth or falsity of the allegations in this paragraph.

21.     The Trustee is without knowledge or information sufficient to form a belief

as the truth or falsity of the allegations in this paragraph.

22.     The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

23.     The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

24.     The Trustee is without knowledge or information sufficient to form a belief as the truth or falsity of the allegations in this paragraph.

25.     The Trustee admits that the Debtors conducted a liquidation and is without knowledge or information sufficient to form a belief as the truth or falsity of the remaining allegations in this paragraph.

26.     On information and belief, the Trustee admits the allegations in this paragraph.

27.     The Warn Act Notice is a writing that speaks for itself.  Therefore, the Trustee denies the allegations in this paragraph.

28.     The Warn Act Notice is a writing that speaks for itself.  Therefore, the Trustee denies the allegations in this paragraph.

29.     On information and belief, the Trustee admits the allegations in this paragraph.

30.     The Trustee denies the allegation in this first sentence of this paragraph. The Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Bankruptcy Code to liquidate all of their assets. The Trustee admits that the cases are being jointly administered.

DOCS_DE:236738.7 05233/003

## Federal WARN Act Class Allegations

31.     The Trustee admits only that Plaintiffs have filed a putative class action on behalf of themselves and a class of all similarly situated employees pursuant to Federal Rule of Civil Procedure 23(a)(b)(1) and (3), Federal Rule of Bankruptcy Procedure 7023, the WARN Act, 29 U.S.C. 2101.  The Trustee denies that the class is appropriate and denies that the Debtors violated any law.  The Trustee denies all the other allegations in the paragraph.

32.     The Trustee denies all the other allegations in the paragraph, and denies that there was any violation of any law.

33.     The Trustee admits the allegations in this paragraph.

34.     The Trustee denies that class certification is appropriate and that there are any "WARN Class Members". The Trustee admits that the Debtors' books and records contain addresses for the Terminated Employees. The Trustee denies all the other allegations in the paragraph.

35.     The Trustee denies that class certification is appropriate and that there are any "WARN Class Members". The Trustee admits that the Debtors' books and records contain the rate of pay and benefits for the Terminated Employees. The Trustee denies all the other allegations in the paragraph.

36.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

        a.      The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining

9

allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied; and

b. The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

c. The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

37. The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The Trustee admits only that the Plaintiffs and the Terminated Employees worked for AVF or Levin and were terminated between March 20, 2020 and May 29, 2020. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

38. The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Plaintiffs "have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation," and as such they are denied. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

10

39.     The Trustee admits only that the Plaintiffs and the Terminated Employees were terminated between March 20, 2020 and May 29, 2020. The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

40.     The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

41.     The Trustee denies that the Defendants violated the Warn Act, that class certification is appropriate and that there are any "WARN Class Members". The remaining allegations in this paragraph are conclusions of law to which no responsive pleading is required. If a response is deemed required, the allegations are denied.

42.     The Trustee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and as such they are denied.

### Claim For Relief Violation Of the Federal WARN Act

43.     The Trustee incorporates by reference his responses above to paragraphs 1 through 42 as if set forth in full herein.

44.     On information and belief, the Trustee admits that AVF and LEVIN each employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States. The Trustee denies the allegations with respect to each of the other Defendants.

11

45.     The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. To the extent a response is deemed to be required, the Trustee admits that AVF and LEVIN each employed more than 100 employees (excluding part time employees) on or about March 19, 2020. The Trustee denies that any of the Defendants were "employers" as defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

46.     The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. To the extent a response is deemed to be required, the Trustee admits only that the two named Plaintiffs were employed by AVF. The Trustee denies that any of the Defendants were "employers" as defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

47.     The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. The Trustee denies that the Defendants violated the WARN Act.

48.     The allegations in this paragraph are a conclusion of law to which no responsive pleading is required. The Trustee denies that the Defendants violated the WARN Act.

49.     The allegations in this paragraph are conclusions of law to which no responsive pleading is required. To the extent that a response is deemed required, the Trustee admits that the two named Plaintiffs were terminated by AVF without cause on their part. The Trustee is without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied.

50.     The allegations in this paragraph are a conclusion of law to which no responsive pleading is required.  To the extent that a response is deemed required, the Trustee admits that the two named Plaintiffs were terminated by AVF without cause on their part. The

12

Trustee is without knowledge information sufficient to form a belief as to the truth or falsity of the allegations as to unnamed class members, and as such they are denied. Furthermore, the Trustee denies that any of the Defendants were "employers" as defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a).

51. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, the Trustee denies the allegations.

52. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, the Trustee denies the allegations.

53. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, the Trustee denies the allegations.

54. The Trustee is without knowledge information sufficient to form a belief as to the truth or falsity of the allegations, and as such they are denied.

55. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, the Trustee denies the allegation.

## **Affirmative Defenses**

56. The Trustee asserts the following affirmative defenses, without accepting the burden of proof on any claim or defense where such burden would otherwise be on Plaintiffs.

DOCS_DE:236738.7 05233/003

**First Affirmative Defense**

Defendants Are Not "Employers" Under the WARN Act.
(29 U.S.C. § 2101(a)(1))

57.     None of the Defendants was an "employer" under the WARN Act at the time of the Revised Warn Act Notice and the March 20, 2020 layoff.  Under the WARN Act, an "employer" is "any business enterprise that employs—(A) 100 or more employees (A) 100 or more employees, excluding part-time employees; or (B) 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of hours of overtime)."  29 U.S.C. § 2101(a)(1)).

58.     At the time of the Revised Warn Act Notice and the March 20, 2020 layoff, AVF and LEVIN were chapter 11 debtors that had ceased operating as going concerns and were merely conducting a liquidation. As such, AVF and LEVIN were acting as liquidating fiduciaries for the benefit of creditors and were not operating a "business enterprise" for the purpose of the WARN Act.

59.     Accordingly, neither AVF nor LEVIN (or any other Defendant) was an "employer" subject to the WARN Act's notice requirements.  29 U.S.C. § 2101(a)(1).

**Second Affirmative Defense**

Unforeseeable Business Circumstances Exception
(29 U.S.C. § 2102(b)(2)(A))

60.     To the extent that any of the Defendants is determined to be an "employer" under the WARN Act, the claims of Plaintiffs and all persons alleged to be similarly situated are barred pursuant to 29 U.S.C. § 2102(b)(2)(A) because (a) an employer may order a plant closing or mass layoff before the conclusion of the 60-day period if the closing or mass layoff is caused by business circumstances that were not reasonably foreseeable as of the time

14

that notice would have been required; and (b) AVF and LEVIN gave as much notice as was practicable along with a brief statement of the basis for reducing the notification period pursuant to 29 U.S.C. § 2102(b)(3).

61.     The COVID-19 pandemic (which prevented the Defendants from conducting going-out-of business sales as originally planned post-petition) and the resulting government ordered business closures (or threatened closures) and the restriction of citizens to their homes: (i) caused the March 20, 2020 layoff; (ii) was a business circumstances that was not reasonably foreseeable on January 18, 2020 when AVF and LEVIN would have had to give notice of the March 20, 2020 layoff (if they were "employers" under the WARN Act); and (iii) AVF and Levin gave as much notice as was practicable along with a brief statement of the basis for reducing the notification period pursuant to the Revised Warn Act Notice.

62.     Accordingly, the Defendants are not liable to Plaintiffs for any violation of the WARN Act.

### Third Affirmative Defense
Natural Disaster Exception
(29 U.S.C. § 2102(b)(2)(B))

63.     To the extent that any of the Defendants is determined to be an "employer" under the WARN Act, the claims of Plaintiffs and all persons alleged to be similarly situated are barred pursuant to 29 U.S.C. § 2102(b)(2)(B) pursuant to which no notice is required if the plant closing or mass layoff is due to any form of natural disaster.

64.     The March 20, 2020 layoff was (i) due to the COVID-19 pandemic (which prevented the Defendants from conducting going-out-of business sales as originally planned post-petition) and the resulting government ordered business closures (or threatened closures)

15

and the restriction of citizens to their homes, and (ii) COVID-19 is a "natural disaster" under the Warn Act.

66. While under 29 U.S.C. § 2102(b)(2)(B), "no notice" is required, AVF and Levin gave as much notice as was practicable along with a brief statement of the basis for reducing the notification period pursuant to the Revised Warn Act Notice. Accordingly, the Defendants are not liable to Plaintiffs for any violation of the WARN Act.

## Fourth Affirmative Defense
### Contractual Mandatory Arbitration

66. Plaintiff STEWART and Plaintiff SAWLE are required to arbitrate the claims alleged in the Complaint pursuant to the terms of those certain Arbitration Agreements (the "Arbitration Agreements") they each entered into in connection with their employment in which they agreed to submit to final and binding arbitration of, *inter alia*, any dispute, matter or controversy arising out of their employment or the termination of their employment (the "Mandatory Arbitration Provision").

67. All of Plaintiffs' claims set forth In the Complaint are subject to the Mandatory Arbitration Provision. Accordingly, the Court should dismiss the Complaint.

## Fifth Affirmative Defense
### Class Action Prohibition

68. Pursuant to the terms of the Arbitration Agreements, Plaintiff STEWART and Plaintiff SAWLE are required to arbitrate the claims alleged in the Complaint "in an individual capacity and not as plaintiff or class member in any purported class, collective action or representative proceeding (the "Class Action Prohibition Provision")."

16

69.     All of Plaintiffs' claims set forth in the Complaint are subject to the Class

Action Prohibition Provision. Accordingly, the Court should (a) dismiss the Complaint and/or (b)

deny certification of a class.

## Sixth Affirmative Defense
Failure to Mitigate

70.     The claims of Plaintiffs and all persons alleged to be similarly situated

may be barred in whole or in part by his or her failure to mitigate damages.

## Seventh Affirmative Defense
Good Faith

71.     The claims of Plaintiffs and all other persons alleged to be similarly

situated are barred and or may be reduced pursuant to 29 U.S.C. § 2104(a)(4) because any act or

omission by the Defendants was in good faith and without intent to deny Plaintiffs or class

members rights and the Defendants had reasonable grounds for believing it was not in violation

of the WARN Act.

## Eighth Affirmative Defense
Unclean Hands, Estoppel & Waiver

72.     The claims of Plaintiffs and all persons alleged to be similarly situated

may be barred in whole or in part by the doctrine of unclean hands, estoppel or waiver.

## Ninth Affirmative Defense
Failure to State A Claim

73.     The Complaint fails to state a claim against all Defendants.

DOCS_DE:236738.7 05233/003

### Tenth Affirmative Defense
No Priority
(11 U.S.C. §§ 503, 507,726)

74.     Any damages awarded to Plaintiffs and all other persons alleged to be similarly situated are not entitled to priority under any provision of the Bankruptcy Code including but not limited to 11 U.S.C. § 503, 11 U.S.C. § 507 and 11 U.S.C. § 726.

### Eleventh Affirmative Defense
No Damages

75.     Plaintiffs and all other persons alleged to be similarly situated suffered no damages or losses due to any alleged violation of the WARN Act.

### Reservation of Rights

76.     The Trustee reserves the right to amend or add additional defenses which may become later known during the course of discovery or pretrial procedures.

DOCS_DE:236738.7 05233/003

WHEREFORE, the Trustee requests that the Court deny all of the relief requested by the Plaintiffs, and grant such other relief to the Trustee as may be just and proper, including, without limitations, reimbursement of legal fees and expenses and all other cost and expenses incurred by the estates in defending against the causes of action set forth in the Complaint.

Respectfully Submitted,

Dated:  October 29, 2021          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Bradford J. Sandler (DE Bar No. 4142)
Beth E. Levine (NY Bar No. 2572246) (admitted *pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:       bsandler@pszjlaw.com
                 blevine@pszjlaw.com
                 crobinson@pszjlaw.com
                 pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

19

# EXHIBIT F

*to Declaration of René S. Roupinian*

| **From:** | Rene Roupinian |
| **To:** | Bradford J. Sandler (bsandler@pszjlaw.com); Beth Levine |
| **Cc:** | Jack Raisner; Gail Lin |
| **Subject:** | Art Van WARN |
| **Date:** | Tuesday, November 16, 2021 6:05:43 PM |

Beth and Brad,

The Trustee's responses to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents are overdue.  Please let us know when we may expect them.

Thank you,

Rene'

René S. Roupinian | Partner
RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, NY 10016
T & F 212-221-1747
rsr@raisnerroupinian.com
www.raisnerroupinian.com
www.warnlawyers.com

| From: | Beth Levine |
| To: | Rene Roupinian; Bradford J. Sandler |
| Cc: | Jack Raisner; Gail Lin; Erin Gray; Colin R. Robinson |
| Subject: | RE: Art Van WARN |
| Date: | Wednesday, November 17, 2021 3:31:43 PM |

Dear Rene:

I write in response to your email of yesterday in which you stated that the Trustee's responses to the Interrogatories and RFPs that you served on April 28, 2021 (the "Discovery Requests") were overdue.

Respectfully, we disagree. The agreed pretrial order signed by the Court on June 10, 2021 ("PTO") states, "All formal discovery and litigation shall be stayed during the mediation process, including without limitation, the Trustee's obligation to respond to the Plaintiffs Discovery Requests." PTO at ¶ 14. It then lists a series of dates, all of which key off the date on which Judge Gross issued his Mediation Report (October 15, 2021) that are applicable to pre-trial proceedings, but it does not address the issue of the timing of the Trustee's responses to the Discovery Requests. It certainly does not state, as you do in your declaration in support of the Plaintiffs Motion for Class Certification and Related Relief (the "Certification Motion"), that the parties would resume written discovery upon the conclusion of the mediation on July 27, 2021.

We intend to respond to the Discovery Requests, and are currently attempting to reconcile the significant amounts of informal discovery we have already provided to you both before and after the mediation to your formal requests. We have, to date, provided among other information, the following:

1. 6/29/2020: Excel spreadsheets for both Art Van and Levin with all of the information you have requested with respect to employees at the WARN locations who were terminated within 30 days of March 4, 2020 and thereafter, including
     (a) the date of his/her hire;
     (b) the date of his/her termination;
     (c) the site he or she worked or, if remote, reported to;
     (d) the reason for his/her separation, i.e., laid off, terminated for cause, voluntarily quit, retired;
     (e) whether he/she was hourly or salary;
     (f) his/her final rate of pay;
     (g) the amount of his/her gross weekly, biweekly or monthly compensation; and
     (h) the cost of his/her weekly, biweekly or monthly fringe benefits ("Employee Termination Data");
2. 9/17/2020: Updated excel spread sheets that included Employee Termination Data for employees terminated employees at non-Warn Act locations and average weekly employee pay for the 60 days prior to the March 20, 2020 layoff;
3. 10/5/2020: Store number and location spreadsheet;
4. 11/20/2020: Employee Termination Data for Levin sales force;
5. 7/12/2021: Documents responsive to your pre-mediation informal discovery requests, including board minutes and the AVF wind down plan;

6. 7/20/2021: Responses via email to follow up questions regarding Employee Termination Information;
7. 7/28/2021: Arbitration Agreements signed by each of the plaintiffs; and,
8. 8/10/2021: Employee Handbooks

This list is not exhaustive.

Notwithstanding that we believe you have substantially all information necessary for your 2 clients, we intend to serve formal responses to the Discovery Requests on or before December 1, 2021.

We also acknowledge the discovery you served today, and will respond to that in accordance with the applicable rules.

Regards,

Beth

**Beth Levine**
Pachulski Stang Ziehl & Jones LLP
Direct Dial: 212.561.7720
Tel: 212.561.7700 | Fax: 212.561.7777
blevine@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Costa Mesa

---

**From:** Rene Roupinian [mailto:rsr@raisnerroupinian.com]
**Sent:** Tuesday, November 16, 2021 9:06 PM
**To:** Bradford J. Sandler <bsandler@pszjlaw.com>; Beth Levine <blevine@pszjlaw.com>
**Cc:** Jack Raisner <jar@raisnerroupinian.com>; Gail Lin <gcl@raisnerroupinian.com>
**Subject:** Art Van WARN

Beth and Brad,

The Trustee's responses to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents are overdue.  Please let us know when we may expect them.

Thank you,

Rene'

**René S. Roupinian | Partner**
RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, NY 10016
T & F 212-221-1747
rsr@raisnerroupinian.com
www.raisnerroupinian.com
www.warnlawyers.com

# EXHIBIT G

*to Declaration of René S. Roupinian*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated, | Adv. Pro. No. 20-50548 (CSS) |
| Plaintiffs, | |
| v. | |
| ART VAN FURNITURE, LLC, et al., | |
| Defendants. | |

## PLAINTIFFS' SECOND REQUEST
## FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Plaintiffs Todd Stewart and Jennifer Sawle, on behalf of themselves and all others similarly situated (the "Plaintiffs"), by and through their undersigned counsel, request that Debtor Art Van Furniture, LLC, et al. (together "Debtors" or "Defendants") respond to the following requests for production within 30 days of the date of service:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

## **DEFINITIONS**

Unless indicated otherwise, the following words and phrases are defined and used herein as follows:

1. "Plaintiffs" shall mean Todd Stewart and Jennifer Sawle, the persons named as Plaintiffs in the caption of this action.

2. "Defendants" or "Debtors" shall mean the entities named in the caption of this action, including each of the names under which it conducts business, its respective employees, officers, directors, agents, advisors, consultants, attorneys and representatives and all other persons under its control.

3. "Putative Class Members" shall mean the putative class defined as: Plaintiffs and all persons (i) who worked at, reported to, or received assignments from Defendants' Facilities, (ii) who were terminated without cause beginning on or about March 19, 2020, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about March 19, 2020, and (iii) who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

4. "Facilities" shall mean the sites where Defendants conducted business operations during the period January 1, 2020 through September 30, 2020 and which fall under the WARN Act's definition of "Facility or Operating Unit" or "Single Site of Employment" (29 C.F.R. § 639.3), including, but not limited to, the facilities located at 6500 E. 14 Mile Road, Warren, Michigan, 14055 Hall Rd. Shelby Township, Michigan and 8748 West Saginaw Highway, Lansing, Michigan.

5.     "Affirmative Defense" shall mean a ground for dismissal that Defendants have or intend to assert including in their First Amended Answer to the Complaint, dated October 29, 2021 (ECF 40).

6.     The "WARN Act" shall mean the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq*.

7.     "Communication" shall mean the transmittal of information in the form of facts, ideas, inquiries or otherwise such as in e-mail form.

8.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including without limitation, electronic or computerized data compilations such as e-mails. A draft or non-identical copy is a separate document within the meaning of this term.

9.      "Identify" with respect to documents:  When referring to documents, to "identify" means to give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, (iv) author(s), addressee(s) and recipient(s), and (v) the last known location of the document and the identity of person who has possession of it.

10.     "Identify" with respect to persons:  When referring to persons, to "identify" means to give the name, the title, the last known residence address, the last known e-mail address, and the last known business address of the person.

11.     The terms "Plaintiff" or "Defendants," as well as a party's full or abbreviated name or a pronoun referring to a party shall mean the party and, where applicable, its officers, directors, employee, partners, corporate parent, subsidiaries, or affiliates.

12.     "Person" is defined as any natural person or any business, legal or governmental entity or association.

13. "Concerning" means relating to, referring to, describing, evidencing, or constituting.

14. The terms "all" and "each" shall be construed as all and each.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. The use of the singular form of any word includes the plural and vice-versa.

## INSTRUCTIONS

Unless otherwise indicated, the following instructions apply to, and are incorporated into, all Definitions, Requests, and Instructions:

1. With respect to each document produced, Plaintiffs request that Defendants specify the Request(s) to which the document is responsive.

2. Pursuant to Fed. R. Civ. P. 34, each document shall be produced as it is kept in the usual course of business and shall be organized and labeled with the categories in these requests.

3. At or before the filing of the complaint in this case, Defendants were under a duty to preserve documents and ESI related to this matter. Accordingly, Plaintiffs expect that Defendants and its counsel will prevent the destruction or alteration of any documents requested herein by the operation of any electronic information system (routine or otherwise) and hereby put Defendants on notice that any destruction or alteration of such documents, or any action that makes such documents more difficult or expensive to access and use, without completing a meet and confer process with Plaintiffs' counsel regarding such action, will not be considered to be in "good faith," as contemplated in Fed. R. Civ. P. 37(f). If Defendants does not believe that it can reasonably comply with this instruction, Plaintiff requests that Defendants contact Plaintiffs'

counsel in writing, within 10 days from receipt of these Requests, to meet and confer about whether immediate Court intervention is necessary.

4.      Unless otherwise indicated, Plaintiffs request that Defendants produce responsive documents pursuant to the agreements reached by the parties after their meet and confer discussions about the preferred format for such production.  Plaintiffs request that Defendants not unilaterally select an electronic format for production.

5.      Alternatively, if Defendants do not wish to meet and confer about the format for production of documents, Plaintiffs request such documents as follows:

a.      Documents should be provided on DVD, CD or external hard drive. The volume of the ESI will determine whether documents are provided on CD, DVD or hard drives.

b.      Documents should not be zipped, compressed, encrypted, or otherwise restricted or proprietarily protected for specific use.

c.      Defendants may compress and/or encrypt the production archive for delivery purposes but should provide passwords for any compressed archives under separate cover, along with a description of any software needed to decrypt the archive.

d.      A cover letter or fact sheet should be included describing in as much detail as practicable the contents of the collection.

e.      Documents created or stored electronically should not be produced in hard copy.  All ESI should be produced with the metadata requested below.

f.      All documents should be produced as they are ordinarily maintained, for example, organized by custodian or source.

g.      All productions should be free of computer viruses.

h.     All deliverables should include a metadata load file that is a .DAT or .TXT format with standard Concordance delimiters, and contain all fields outlined below.  Image load files should be provided in .OPT format.

i.     Documents should be produced with TIFF images and named according to the Bates number of the corresponding TIFF image. Each *.tiff file should be assigned a unique name matching the Bates number of the corresponding image.  The Bates number should be consistent across the production, contain no special characters, and be numerically sequential within a given document.  Attachments to documents should be assigned Bates numbers that directly follow in sequential order the Bates numbers on the documents to which they were attached.  If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers should be noted, for example, with a placeholder.

j.     All unredacted documents should be provided with complete document-level extracted text files.  In the event a document contains text which is to be redacted, OCR text files should be provided for any un-redacted portions of the documents.  Document-level OCR text files should be provided for any unredacted portions of redacted documents and for all hard copy scanned documents.  The extracted full text and/or OCR text for all deliverables should be in separate document-level TXT files.  These TXT files may either be provided in a separate folder or included in the same folder as their corresponding images. The number of TXT files per folder should be limited to 1,000 files.

k.     Paper documents should be scanned and processed to TIFF files.  If a document is available to Defendants both in paper and electronic form, Plaintiffs request that Defendants produce the requested document in electronic form, as described herein.

l. For email collections, the parent-child relationships (the association between emails and attachments) should be preserved. Email attachments should be consecutively produced with the parent email record.

m. Documents originating in spreadsheet or presentation programs such as Excel or Powerpoint should be produced in native form. For deliverables containing native files such as Excel and PowerPoint files, a native file path/link should be included in the metadata load file. Additionally, a Bates-stamped TIFF placeholder should be included in the production and reflected in the image load file. The number of native files per folder should be limited to 1,000 files.

n. In the event that responses to these requests contain ESI from proprietary or non-proprietary databases, the parties will meet and confer to discuss the fields contained in the database and the best means of producing responsive information from them, such as running reports or queries. In the event that ESI will be produced directly from a database, the ESI should be produced in a comma delimited file or in Excel format, with all formulae and records of irregular or manual manipulation of data reflected. If proprietary software is required to access or use documents in their native format, please supply such software. A written list of all database fields and a reasonable description for each field, or a "database dictionary" should be included.

o. All images should be provided in single-page, Group IV TIFF with a resolution of 300 DPI. Bates numbers and confidentiality designations should be electronically branded on each produced *.tiff image. These .TIFF images should be provided in a separate folder and the number of TIFF files per folder should be limited to 1,000 files.

p. For deliverables containing multi-media files, the following production format should be used:

i. Audio Data Files: Audio data files should be produced in audio Windows Media Audio ("WMA") format or "MP3" format.

ii. Video Files: Video files should be produced in Audio/Video Interleaved ("AVI") format.

iii. Image Files: If providing color images, files should be produced in "JPEG/JPG" format with a resolution of 150 to 300 DPI.

q. Metadata to be produced: The following metadata fields should be produced for each document to the extent that such information is available at the time of collection and processing, except that if a field contains privileged information, that privileged information may be redacted and noted in a corresponding privilege log. All requests should be read to include a request for all metadata associated with all documents responsive to the request.

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| BEGDOC | Starting bates | Hardcopy, edoc, email and attachment |
| ENDDOC | Ending bates | Hardcopy, edoc, email and attachment |
| PARENTID | First bates number of parent email. (Populate in child(ren) record(s) only) | Emails and attachments (populated through processing) |
| FAMLYRNG OR ATTACHRNG | Family (Range of bates related documents (i.e. email & attachment) - this field will be populated for all records in the family.) | Hard copy, edoc, emails and attachments (populated through processing) |
| BEGATTACHID | First BATES of attachment(s) | Hard copy, edoc, emails and attachments (populated through processing) |
| ENDATTACHID | Last BATES of family (populate on families only) | Hard copy, edoc, emails and attachments (populated through processing) |
| CUSTODIAN | Person from whom file was obtained | Hardcopy (if coded), edoc, email and attachment (populated through processing) |
| PRPERTIES OR RCRDTYPE | Record Type – will be either "email", "attachment", "edoc" or "hardcopy" | |

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| FROM | Email Author | Emails (populated through processing) |
| TO | Recipient | Emails (populated through processing) |
| CC | CC field - In the event of emails | Emails (populated through processing) |
| BCC | Bcc field - in the event of emails | Emails (populated through processing) |
| SUBJECT | Subject | Emails (populated through processing) |
| DOCTITLE | Document Title/name of the original native file as it existed at the time of collection. | Hardcopy (if coded), edoc or attachment (populated through processing) |
| DOCDATE | Document Date/Date Sent, format MM/DD/YYYY, this is the SORT_DATE field, so populate across families | Email and Attachments |
| DATESENT | Email Sent Date, format MM/DD/YYYY | Emails (populated through processing) |
| TIMESENT | Date sent 00:00:00 AM/PM | Emails (populated through processing) |
| DATECREATED | Date first created, format MM/DD/YYYY | Edoc or attachment (populated through processing) |
| DATESVD | Date last saved/modified, format MM/DD/YYYY | Edoc or attachment (populated through processing) |
| TIMESVD | Time saved 00:00:00 AM/PM | (populated through processing) |
| DATERCVD | Date received/accessed, format MM/DD/YYYY | Emails (populated through processing) |
| TIMERCVD | Time received 00:00:00 AM/PM | (populated through processing) |
| PAGECOUNT | Document page count | Edoc or attachment (populated through processing) |
| ATTILE | File name/Attachment Name | Electronic files and/or attachments (populated through processing) |
| APPLICAT | Application used to open the file (Word, PowerPoint, Adobe, Excel, Explorer, Quicken, etc.) | Electronic files and/or emails, attachments (populated through processing) |
| FOLDERID OR ORIGFOLDERPATH OR FILEPATH | File path/folder structure of original native file as it existed at the time of collection. | Electronic files and/or emails, attachments (populated through processing) |

| FIELD NAME | DESCRIPTION | CATEGORY |
|---|---|---|
| | i.e. Path of email in mailbox (populate for email attachments also); Filepath of edocs or scanned docs (if requested) | |
| **DOCLINK** or **NATIVEFILE** | Active link reflecting current filepath back to the native file | Electronic files and/or emails, attachments (populated through processing **and only provided if receiving native files**.) |
| **FILEEXTEN** | In the event of attachments or emails, this will enable us to search by document type. Sample contents: *PST, MSG, PDF, DOC, PPT, HTM,* etc. etc. | Electronic files and/or emails, attachments (populated through processing) |
| **AUTHOR** | In the event of attachments, this field contains the 'author' of the document | For Hard Copy docs (if coded) or electronic files and or attachments (populated through processing) |
| **HASH** | Hash value for de-dupe | Electronic files and/or attachments (populated through processing) |
| **HEADER** | Contains all the routing information from the header section of an email message | Emails (populated through processing) |
| **TEXT** | Text of email in the event of emails; text of attachment in the event of attachments; We recognize that some attachments will not have text that can be properly rendered into text (JPGs, GIFs, Flash Files, etc.), but for those flat files such as PDFs which do not have extractable text, we would like them OCR'd, and the contents placed in the TEXT field. | For Hardcopy, electronic files, emails and attachments. |

6.      With respect to each request, Defendants are requested to provide all documents in its possession, custody, or control that are known to Defendants or that Defendants can locate or discover through reasonably diligent efforts.

7.      If Defendants cannot respond or produce documents in response to any part of the following Requests in full, please respond to the extent possible, specifying the reason or reasons for Defendants' inability to respond or produce documents in response to the remainder of the Requests.

8.      If, to Defendants' knowledge, documents responsive to one or more requests were never in Defendants' possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

9.      If any responsive document was formerly in Defendants' possession, custody, or control but has been eliminated from Defendants' possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

a.   The basis for withholding such document;

b.   A generic description of the document being withheld;

c.   The date the information contained in the document was learned or the document created;

d.   The identity of the individual(s) who learned the information or authored the document;

e.   The date the document was transmitted or otherwise made available to anyone; and

f.   The specific Request(s) to which the withheld document relates.

10.     If requested documents are maintained in a file, folder, or other container, please produce the file, folder, or other container, or a complete copy of same, with the documents.  For ESI that originates in a digital folder structure, please produce the folder names and relationships as metadata.

11.     The scope of your search for ESI shall include all forms of ESI collection, preservation, transmission, communication, and storage, including:

a. All ESI generated and maintained in the ordinary course of business, including ESI stored on mainframe computers or local and network computers or drives or servers or any other media or location where ESI can be or is stored;
b. Distributed data or removable data, i.e., information which resides on portable media and non-local drives, including home computers, laptop computers, magnetic or floppy discs, CD-ROMs, DVDs, zip drives, Internet repositories including email hosted by Internet service providers, handheld storage devices such as PDAs, BlackBerry devices, cellular telephones, and flash memory drives;
c. Forensic copy or backup ESI, including archive and backup data tapes and discs;
d. Network ESI, including voice mail systems, email servers, ISP servers, network servers, cloud servers and fax servers;
e. Legacy ESI, i.e., retained data that has been created or stored by the use of software or hardware that has been rendered outmoded or obsolete;
f. Metadata, i.e., information regarding a particular data set which describes how, when and by whom it was collected, created, accessed and modified and how it is formatted.

12.     Unless otherwise indicated in writing, the failure to produce any documents in response to any request herein means that such documents do not exist, or are not in Defendants' possession, custody, or control, or the possession, custody, or control of Defendants' agents or anybody acting on Defendants' behalf.

13.     To the extent documents responsive to these requests have already been produced by Defendants, state the unique identifier (e.g., MD 5 Hash value) or Bates number for each responsive document that was previously produced.

### DOCUMENT REQUESTS

1.     Produce all documents and/or communications that support Defendants' statement in the Chapter 7 Trustee's First Amended Answer to Complaint dated October 29, 2021 (ECF 40), paragraph 58 that "[a]t the time of the Revised Warn Act Notice and the March 20, 2020 layoff, AVF and LEVIN were chapter 11 debtors that had ceased operating as going concerns

and were merely conducting a liquidation. As such, AVF and LEVIN were acting as liquidating fiduciaries for the benefit of creditors and were not operating a "business enterprise" for the purpose of the WARN Act."

2.      Produce all documents and/or communications that refer to the Chapter 7 Trustee's First Amended Answer to Complaint dated October 29, 2021 (ECF 40), Fifth Affirmative Defense, that "[p]ursuant to the terms of the Arbitration Agreements, Plaintiff STEWART and Plaintiff SAWLE are required to arbitrate the claims alleged in the Complaint "in an individual capacity and not as plaintiff or class member in any purported class, collective action or representative proceeding (the "Class Action Prohibition Provision")."

3.      Produce all documents and/or communications that refer to the Chapter 7 Trustee's First Amended Answer to Complaint dated October 29, 2021 (ECF 40), Seventh Affirmative Defense, that "[t]he claims of Plaintiffs and all other persons alleged to be similarly situated are barred and or may be reduced pursuant to 29 U.S.C. § 2104(a)(4) because any act or omission by the Defendants was in good faith and without intent to deny Plaintiffs or class members rights and the Defendants had reasonable grounds for believing it was not in violation of the WARN Act."

4.      Produce all documents and/or communications that refer to the Chapter 7 Trustee's First Amended Answer to Complaint dated October 29, 2021 (ECF 40), Tenth Affirmative Defense, that "[a]ny damages awarded to Plaintiffs and all other persons alleged to be similarly situated are not entitled to priority under any provision of the Bankruptcy Code including but not limited to 11 U.S.C. § 503, 11 U.S.C. § 507 and 11 U.S.C. § 726."

5.      Produce all documents and/or communications sent or received by the following individuals (identified in Defendants' Initial Disclosures dated October 29, 2021, Section A) that

refer or relate to efforts to seek financing for Defendants during the period January 1, 2019 through September 30, 2020: Gary Fazio, James Ferguson, Gus Glyptis, David Ladd, Michelle Dolski, Matthew Damiani, Marcelo Podesta, Jeff Swenson, Cliff Longley, Alex Smith, Gary A. Van Elslander, David Alexander, Douglas Haber, Cathrine Wenger, Lauren Murphy,  Danielle Baldinelli, Robert Levin, and Dennis Stogsdill.

6.      Produce all documents and/or communications sent or received by the following individuals (identified in Defendants' Initial Disclosures dated October 29, 2021, Section A) that refer or relate to the allegations in Plaintiff's Complaint: Gary Fazio, James Ferguson, Gus Glyptis, David Ladd, Michelle Dolski, Matthew Damiani, Marcelo Podesta, Jeff Swenson, Cliff Longley, Alex Smith, Gary A. Van Elslander, David Alexander, Douglas Haber, Cathrine Wenger, Lauren Murphy,  Danielle Baldinelli, Robert Levin, and Dennis Stogsdill.

7.      Produce all documents identified in Defendants' Initial Disclosures (dated October 29, 2021), Section B.

8.      Produce all documents that reflect the corporate hierarchy of each of the Defendants, including but not limited to certificates of incorporation, operating agreements, and bylaws.

9.      Produce all documents reflecting or referring to negotiations between Wells Fargo Capital Finance and all employees, executive, officers, directors, advisors and agents of Debtors regarding amendments, forbearances or other modifications to the Debtors' credit facilities with Wells Fargo Capital Finance, during the period January 1, 2019 through September 30, 2020.

10.     Produce all documents and/or communications that refer or relate to all liquidation analyses of Debtors during the period January 1, 2019 through September 30, 2020.

11. Produce all documents and/or communications that refer or relate to efforts to liquidate the inventory of Defendants during the period January 1, 2019 through September 30, 2020.

12. Produce all documents and/or communications that refer or relate to efforts to sell assets or stock of Defendants during the period January 1, 2019 through September 30, 2020.

13. Produce documents reflecting communications between Thomas H. Lee Partners, L.P. ("THL") and Wells Fargo Capital Finance regarding offers by Thomas H. Lee Partners to provide financing for the business operations of Defendants during the period January 1, 2020 through September 30, 2020.

14. Produce all documents and/or communications that refer or relate to efforts to increase business for Defendants during the period January 1, 2019 through September 30, 2020.

15. Produce all minutes, records and resolutions of each of the Defendant's Board of Directors meetings during the period January 1, 2019 through September 30, 2020, including submissions to the Board of Directors and committees of the Board of Directors at, or in anticipation of, such meetings.

16. Produce all employee handbooks that were in effect during the period January 1, 2020 through September 30, 2020 for individuals who were employed by each of the Defendants.

17. Produce documents reflecting communications between Thomas H. Lee Partners, L.P. ("THL") and any members of the Van Eslander family regarding the formation of a "Consortium" to make capital investments into the business operations of Defendants during the period January 1, 2020 through September 30, 2020.

18. Produce documents reflecting communications between Thomas H. Lee Partners, L.P. ("THL") and any members of the Van Eslander family regarding or relating to any efforts to make capital investments into the business operations of Defendants during the period January 1, 2020 through September 30, 2020.

19. Produce documents reflecting communications between THL and members of the Van Eslander family regarding any effort provide financing for the business operations of Defendants during the period January 1, 2020 through September 30, 2020.

20. Produce documents reflecting communications between THL and any members of the Van Eslander family regarding the possibility of proving a guarantee for loans to finance the business operations of Defendants during the period January 1, 2020 through September 30, 2020.

21. Produce documents reflecting communications between THL and Wells Fargo Capital Finance regarding offers by THL to provide financing for the business operations of Defendants during the period January 1, 2020 through September 30, 2020.

22. Produce documents reflecting communications between THL and Wells Fargo Capital Finance regarding offers all offers by third parties to provide financing for the business operations of Defendants during the period January 1, 2020 through September 30, 2020.

23. Produce documents reflecting communications between Debtors and legal counsel relating or referring to the "natural disaster" exception to the WARN Act.


Dated: November 17, 2021

<div style="text-align: right;">

*/s/ René S. Roupinian*
René S. Roupinian (*admitted pro hac vice*)
Jack A. Raisner (*admitted pro hac vice*)

</div>

16

**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

**THE LAW OFFICES OF JOYCE, LLC**
Michael J. Joyce (No. 4563)
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302)-388-1944
Email: mjoyce@mjlawoffices.com

*Attorneys for Plaintiffs and the putative class*

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated, | Adv. Pro. No. 20-50548 (CSS) |
| Plaintiffs, | |
| v. | |
| ART VAN FURNITURE, LLC, et al., | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I, Jenny Hoxha, under penalty of perjury, certify the following as true and correct: I am not a party to this action, employed by Raisner Roupinian LLP, and I am over 18 years of age. I hereby certify that I caused true and correct copies of *Plaintiffs' Second Request for Production of Documents to Defendants* and the corresponding *Certificate of Service* to be served upon the parties listed below via email as listed below:

**Service List:**

Bradford J. Sandler

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

Colin R. Robinson
Peter J. Keane
Beth Levine
**PACHULSKI STANG ZIEHL & JONES LLP**
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Email: bsandler@pszjlaw.com
crobinson@pszjlaw.com
pkeane@pszjlaw.com
blevine@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee for Debtors*


Dated: November 17, 2021

/s/    *Jenny Hoxha*
             Jenny Hoxha

# EXHIBIT H

*to Declaration of René S. Roupinian*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| | Adv. Proc. No. 20-50548 (CSS) |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| ART VAN FURNITURE, LLC, et al., | |
| Defendants. | |

## CHAPTER 7 TRUSTEE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") of the bankruptcy estates

of Art Van Furniture, LLC, AVF Holding Company, Inc., AVCE, LLC, AVF Holdings I, LLC,

AVF Holdings II, LLC, AVF Parent, LLC, Levin Parent, LLC, Art Van Furniture of Canada,

LLC, AV Pure Sleep Franchising, LLC, AVF Franchising, LLC, LF Trucking, Inc., Sam Levin,

Inc., and Comfort Mattress LLC (collectively, the "Debtors" or the "Defendants") in the above-

captioned adversary proceeding (the "Adversary Proceeding"), hereby objects and responds to

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

Plaintiffs Todd Stewart and Jennifer Sawle (the "Plaintiffs") *First Request for Production of Documents to Defendants* (the "RFP").

## GENERAL OBJECTIONS

Each of the following statements and general objections ("General Objections") apply to the RFP, and the Trustee makes its response to the RFP subject to these General Objections:

1.     The Trustee has made a good faith effort to investigate and identify information and documents responsive to the RFP. The Trustee's discovery, investigation and trial preparation in the Adversary Proceeding, however, are continuing. The Trustee is a chapter 7 trustee appointed post-conversion of the above-captioned, jointly administered bankruptcy cases from chapter 11 to chapter 7 that has no direct knowledge or involvement in, the affairs of the Debtors that are at issue in the Adversary Proceeding. In addition, as chapter 7 estates, the Debtors terminated all of their former officers and employees who did have such involvement and/or knowledge. These responses are based on information presently available to the Trustee and his attorneys. Accordingly, the Trustee reserves the right (a) to amend, supplement or modify the response to the RFP based on any responses to any discovery requests or subpoenas, including any documents produced in response to such discovery requests or subpoenas, (b) to amend, supplement or modify its response to the RFP based on any further discovery, investigation and trial preparation in the Adversary Proceeding, (c) to amend, supplement or modify its response to the RFP to incorporate or reflect later discovered documents and information to the extent required by law, and (d) to introduce – at deposition, at hearing, at trial or otherwise – any evidence from any source hereafter obtained.

2.     The response to the RFP is provided without waiver of, and with express reservation of, the following: (a) all objections as to competency, relevance, materiality and/or

admissibility of the response, or the subject matter thereof, as evidence for any purpose in the Adversary Proceeding or any other proceeding; (b) all privileges and other protections, including the attorney-client privilege, work product doctrine and common interest doctrine; (c) all objections as to the confidentiality of any documents; (d) all other objections to the use of the response, or the subject matter thereof, on any ground in the Adversary Proceeding or any other proceeding; and (e) the right to object on any ground at any time to a demand or request for any further response(s) to the RFP, or to any other discovery requests in the Adversary Proceeding.

3.      The Trustee objects to the RFP to the extent it calls for the disclosure of confidential, proprietary and/or private information or documents, or the disclosure of information or documents protected from discovery by the attorney-client privilege, the work product doctrine, the common interest doctrine and/or any other applicable privilege or protection.  The production of any confidential, proprietary, private, privileged or otherwise protected information or documents in response to the RFP is inadvertent, and is not intended as and shall not be deemed to be a waiver or impairment of any claim of confidentiality, privilege or other applicable protection.

4.      The Trustee objects to the RFP to the extent it conflicts with, seeks to expand upon, purports to require responses inconsistent with, or purports to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

5.      The Trustee objects to the RFP to the extent it seeks information or documents not relevant to any party's claim or defense in the Adversary Proceeding, and/or not proportional to the needs of the Adversary Proceeding.

6.      The Trustee objects to the RFP as unduly burdensome and oppressive to the extent it purports to require unreasonably costly and/or time-consuming measures to locate, review and produce or identify responsive documents or information.

7.     The Trustee objects to the RFP to the extent it seeks the production of documents that are not reasonably or readily available to the Debtor, and/or that are not within its possession, custody or control.

8.     The Trustee objects to the RFP to the extent it seeks documents that already have been provided or made available to the Plaintiffs, are otherwise in the possession of the Plaintiffs, are equally or more readily available to the Plaintiffs from other sources, and/or are a matter of public record.

9.     The Trustee objects to the time periods of the Requests as not reasonably calculated to lead to the discovery of admissible evidence or not relevant to the nature of this action. The Trustee performed and will continue to perform searches of the Debtors' electronic and email systems that he has access to for the period from January 18, 2020 through and including March 20, 2020 and objects to and will not re-run any searches prior to this date as to do so is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence or not relevant to the nature of this action.

10.    The Trustee objects to Instruction No. 1 in that it purports to require the Trustee to identify to which request each document is responsive.  For the documents previously produced by the Trustee and for those it will produce in response to the RFP, it would be unduly burdensome for the Trustee to identify the request to which each document is responsive, especially given that such information is evident on its face for the vast majority of the requests.

11.    The Trustee objects to Instruction No. 5 and reserves all rights with respect to the format(s) for production by the Trustee.  The Trustee, as applicable, will meet and confer with the Plaintiffs regarding the format(s) for production.

## DOCUMENT REQUESTS

1.     Produce all documents that relate to or reflect Defendants' responses to Plaintiffs' First Set of Interrogatories to Defendants.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome.  The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine.  By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the non-privileged documents of the Debtors that were previously produced to the Plaintiffs.  The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

2.     Produce all documents and/or communications reflecting communications that relate to this action.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome.  The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine.  By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the non-privileged documents of the Debtors that were previously produced to the

Plaintiffs.  The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

3.      Produce all documents and/or communication sent and received by every director, board member and officer of Defendants concerning the decision to terminate the employment of Plaintiffs and Putative Class Members.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome.  The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine.  By way of further response, and without waiving the foregoing objections, the Trustee will produce, on a rolling basis after service of this response, those non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

4.      Produce documents that reflect the number of employees who worked at each of the Facilities during the period between October 1, 2019 through June 30, 2020, including their beginning-and-end dates of employment.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiff to the non-privileged documents of the Debtors that were previously produced to the Plaintiffs.

5.     Produce documents that reflect the number of employees (including part-time and full-time) who worked at each of Defendants' Facilities during the period between October 1, 2019 through June 30, 2020, including their beginning-and-end dates of employment.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiff to the non-privileged documents of the Debtors that were previously produced to the Plaintiffs.

6.     Produce documents that reflect the address of each of Defendants' Facilities where employees received a termination notice dated March 19, 2020, and the names of employees at each store who received the notice.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiff to the non-privileged documents of the Debtors that were previously produced to the Plaintiffs. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

7.     Produce documents that reflect the address of each of Defendants' Facilities where employees received the document dated March 5, 2020, titled "Important Company Announcement", addressed to All Team Members from the Executive Team (attached hereto as Exhibit A), and the names of employees at each store who received the notice.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiff to the non-privileged documents of the Debtors that were previously produced to the Plaintiffs. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

8.      Produce documents that reflect the address of each of Defendants' Facilities where employees received a WARN notice dated March 19, 2020, and the names of employees at each store who received the notice.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiff to the non-privileged documents of the Debtors that were previously produced to the Plaintiffs. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

**ANSWER:**

9.      Produce documents that reflect the address of each of Defendants' Facilities where employees received a copy of the document dated March 5, 2020, titled "WARN Act Notice," from Cathrine Wenger, Senior Counsel, that was distributed to employees (attached hereto as Exhibit B), and the names of employees at each store who received the notice.

**ANSWER:**

        The Trustee incorporates the General Objections as though set forth herein. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiff to the non-privileged documents of the Debtors that were previously produced to the Plaintiffs. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

        10.     Produce all documents and/or communications reflecting the drafting of the documents dated March 5, 2020, titled "WARN Act Notice," from Cathrine Wenger, Senior Counsel that was distributed to employees in Michigan and Illinois (attached hereto as Exhibit B).

**ANSWER:**

        The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine.  By way of further response, and without waiving the foregoing objections, the Trustee will produce, on a rolling basis after service of this response, those non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

        11.     Produce documents that reflect Plaintiffs and the Putative Class Members' employment benefits, including health insurance (medical, dental and vision), supplemental insurance, life insurance, long and short-term disability benefits, time-off benefits, retirement savings, health and welfare benefits, including 401k plans, company vehicle, fuel, and education reimbursement.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is overly broad and unduly burdensome. By way of further response, and without waiving the foregoing objections, the Trustee will produce, on a rolling basis after service of this response, those non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

12. Produce all documents and/or communications concerning every in-person meeting held on or before March 5, 2020 at which Defendant's managers, executives, directors, board members or supervisors met with Defendant's employees regarding their terminations, including all lists of attendees, sign-in sheets, scripts, memos, handouts and talking points for such meeting(s).

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is overly broad, and unduly burdensome. By way of further response, and without waiving the foregoing objections, the Trustee will produce, on a rolling basis after service of this response, those non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

13. Produce all documents and/or communications reflecting the drafting of the document "Termination of Benefits" dated March 19, 2020 (attached hereto as Exhibit C).

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is overly broad and unduly burdensome. The

Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee will produce, on a rolling basis after service of this response, those non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

14.     Produce all documents and/or communications reflecting the drafting of the document titled "Memorandum" to "Employees Affected By Closing of Art Van Furniture Stores located at 6500 E 14 Mile Rd, Warren, MI, 48092; 27775 Novi Rd, Novi, MI, 48377; 4375 28th St SE, Grand Rapids, MI, 49321; 4095 E Court St, Burton, MI, 48509; 14055 Hall Rd, Shelby Township, MI, 48315; 8748 W Saginaw Hwy, Lansing, MI, 48917; and 4273 Alpine Ave Nw Ste B, Alpine, MI, 49321" dated March 19, 2020 (attached hereto as Exhibit D).

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee will produce, on a rolling basis after service of this response, those non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

15.     Produce all documents and/or communications reflecting the drafting of the document "Frequently Asked Questions-Store Associates (Art Van, Levin and Wolf Closing)" (attached hereto as Exhibit E)

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee will produce, on a rolling basis after service of this response, those non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

16. Produce all documents and/or communications reflecting the drafting of the document titled "Meeting Instructions," dated March 5, 2020, addressed to "Art Van and Wolf Leaders" from Michelle Dolski & Irene Fostyk (attached hereto as Exhibit F).

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee will produce, on a rolling basis after service of this response, those non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

17. Produce all documents and/or communications reflecting the drafting of the document titled "Frequently Asked Questions #1/ Benefits Contacts" (attached hereto as Exhibit G).

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee will produce, on a rolling basis after service of this response, those non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

18. Produce all documents reflecting every employee who signed the WARN Act Notice Receipt Acknowledgment, including lists of attendees, sign-in sheets, scripts, memos, summaries, and compilations of such lists (attached hereto as Exhibit H).

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee will produce, on a rolling basis after service of this response, those non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

19. Produce all minutes, records, and resolutions of Defendants' Board of Directors meetings during the period March 1, 2019 through June 30, 2020, including submissions to the Boards of Directors and committees of the Boards of Directors at, or in anticipation of, such meetings.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine.  By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiff to the non-privileged documents of the Debtors that were previously produced to the Plaintiffs.  The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

20.    Produce all documents and/or communications reflecting efforts to seek additional business which would have enabled Defendants to avoid the terminations of Plaintiffs and Putative Class Members.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome.  The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine.  By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case.  The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

21.     Produce all documents and/or communications concerning Defendants'
financing during the period March 1, 2019 through June 30, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The
Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad, and
unduly burdensome.  The Trustee further objects to the extent that this Request calls for
information that is protected by the attorney-client privilege or the work product doctrine.  By way
of further response, and without waiving the foregoing objections, the Trustee directs the
Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned
bankruptcy case.  The Trustee will produce, on a rolling basis after service of this response,
additional non-privileged documents of the Debtors, if any, in the possession, custody and control
of the Trustee.

22.     Produce all documents and/or communications during the period March 1,
2019 through June 30, 2020 reflecting proposals for financing, loans, capital investments, loan
guarantees and capital infusions from any source, including but not limited to Thomas H. Lee
Partners, L.P., to the Debtors to fund Debtors' operations.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The
Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad, and
unduly burdensome.  The Trustee further objects to the extent that this Request calls for
information that is protected by the attorney-client privilege or the work product doctrine.  By way
of further response, and without waiving the foregoing objections, the Trustee directs the

Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

23.     Produce all documents and/or communications during the period March 1, 2019 through June 30, 2020 reflecting Debtors' default of its revolving credit facility with Wells Fargo, including all communications regarding Wells Fargo's agreement to a forbearance until March 28, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is overly broad and unduly burdensome. The Trustee further objects to the period March 1, 2019 through June 30, 2020 in this Request. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

24.     Produce all documents and communications during the period March 1, 2019 through March 28, 2020 reflecting Wells Fargo assuming control of Defendants' available cash.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is overly broad and unduly burdensome. The Trustee further objects to the period March 1, 2019 through March 28, 2020 in this Request. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

25.     Produce all documents and/or communications during the period March 1, 2019 through March 28, 2020 reflecting all agreements between Defendants and Wells Fargo that Defendants would immediately begin preparing for a "going-out-of-business" liquidation if was unable to raise capital by February 28, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. The Trustee further objects to the period March 1, 2019 through March 28, 2020 in this Request. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response,

additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

26.     Produce all documents and/or communications during the period March 1, 2019 through March 28, 2020 reflecting the terms of all outstanding loans, credit lines, and other indebtedness between Defendants and its lenders that were in existence as of February 28, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. The Trustee further objects to the period March 1, 2019 through March 28, 2020 in this Request. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine.  By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case.  The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

27.     Produce all documents and/or communications between Defendants and its lenders during the period March 1, 2019 through September 30, 2020 referencing the maturity date of all outstanding loans, credit lines, and other indebtedness by Defendant that were in existence as of March 19, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is overly broad and unduly burdensome. The Trustee further objects to the period March 1, 2019 through September 30, 2020 in this Request. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine.  By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

28.     Produce all documents and/or communications between Defendants and its lenders during the period March 1, 2019 through March 19, 2020 that refer or relate to all forbearance agreements between Defendants and its lenders that were in effect during that period.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine.  By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case.  The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

29.     Produce all documents and/or communications reflecting efforts to seek capital or financing which would have enabled Defendants to avoid the terminations of Plaintiffs and Putative Class Members.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

30.     Produce all documents and/or communications reflecting efforts to renegotiate leases or reduce expenses which would have enabled Defendants to avoid the terminations of Plaintiffs and Putative Class Members.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee directs the

Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

31.     Produce all documents and/or communications concerning Defendants' seeking of capital during the period March 1, 2019 through June 30, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. The Trustee further objects to the period March 1, 2019 through June 30, 2020 in this Request. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

32.     Produce all documents and/or communications during the period March 1, 2019 through June 30, 2020 reflecting proposals for financing, loans, capital investments, loan guarantees and capital infusions from any source, including but not limited to Thomas H. Lee Partners, L.P., to the Debtors to fund Debtors' operations.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. The Trustee further objects to the period March 1, 2019 through June 30, 2020 in this Request. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

33.     Produce all documents and/or communications reflecting efforts to seek capital or financing which would have enabled Defendant to avoid the terminations of Plaintiffs and Putative Class Members.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response,

additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

34.     Produce all documents and/or communications concerning a sale of all or parts of Defendants' company or operational assets during the period March 1, 2019 through June 30, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. The Trustee further objects to the period March 1, 2019 through June 30, 2020 in this Request. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine.  By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors and the Trustee in the above-captioned bankruptcy case.  The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

35.     Produce all documents and/or communications that reflect any agreement by Robert Levin to purchase Levin Furniture and select Wolf stores pending court approval.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is overly broad and unduly burdensome. The Trustee further objects to the extent that this Request calls for information that is protected by

the attorney-client privilege or the work product doctrine.  By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors and the Trustee in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

36.     Produce all documents and/or communications from the period March 1, 2019 through June 30, 2020 concerning any proposed sale of Defendants' assets to any third-party entity.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. The Trustee further objects to the period March 1, 2019 through June 30, 2020 in this Request. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine.  By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors and the Trustee in the above-captioned bankruptcy case.  The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

37.     Produce all documents and/or communications concerning Defendants' efforts to renegotiate leases or reduce expenses during the period March 1, 2019 through March 31, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. The Trustee further objects to the period March 1, 2019 through June 30, 2020 in this Request. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

38.     Produce all documents and/or communications concerning Defendants' decision to file for bankruptcy during the period March 1, 2019 through March 8, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. The Trustee further objects to the period March 1, 2019 through March 8, 2020 in this Request. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response,

additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

39.     Produce all documents and/or communications concerning Defendants' liquidation, including its winddown and cessation of operations during the period December 1, 2019 through September 30, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine.  By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors and Trustee in the above-captioned bankruptcy case.  The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

**ANSWER:**

40.     Produce all documents and/or communications during the period March 1, 2019 through March 28, 2020 reflecting all agreements between Defendants and Wells Fargo that Defendants would immediately begin preparing for a "going-out-of-business" liquidation if was unable to raise capital by February 28, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is overly broad and unduly burdensome. The Trustee further objects to the period March 1, 2019 through March 28, 2020 in this Request. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

41. Produce all documents and/or communications concerning any change in the terms or conditions of the employment of Defendants' employees during the period January 1, 2020 through September 30, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. The Trustee further objects to the period January 1, 2020 through September 30, 2020. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response,

additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

42.     Produce all documents and/or communications concerning the consideration of COVID-19 as it related to Defendants during the period January 1, 2020 through September 30, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. The Trustee further objects to the period January 1, 2020 through September 30, 2020. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine.  By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case.  The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents of the Debtors, if any, in the possession, custody and control of the Trustee.

43.     Produce all documents and/or communications that refer to Defendants' First Affirmative Defense in its Answer that the terminations were caused by "business circumstances that were not reasonably foreseeable as of the time that notice would have been required" and that "AVF and LEVIN gave as much notice as was practicable along with a brief statement of the basis for reducing the notification period pursuant to 29 U.S.C. § 2102(b)(3)." (ECF 25)

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is overly broad and unduly burdensome. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents, if any, in the possession, custody and control of the Trustee.

44. Produce all documents and/or communications that refer to Defendants' Second Affirmative Defense in its Answer that the mass layoffs or plant closings were caused by a natural disaster and that "AVF and LEVIN gave as much notice as was practicable along with a brief statement of the basis for reducing the notification period pursuant to 29 U.S.C. § 2102(b)(3)." (ECF 25)

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is overly broad and unduly burdensome. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving the foregoing objections, the Trustee directs the Plaintiffs to the documents and pleadings publicly filed by the Debtors in the above-captioned bankruptcy case. The Trustee will produce, on a rolling basis after service of this response, additional non-privileged documents, if any, in the possession, custody and control of the Trustee.

45. Produce all written opinions by Defendants' legal counsel to Defendants' owner(s), officers and/or directors concerning Defendants' legal obligations to its employees pursuant to the WARN Act.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request to the extent that it is overly broad and unduly burdensome. The Trustee further objects to the extent that this Request calls for information that is protected by the attorney-client privilege or the work product doctrine.

46. Produce all documents and/or communications that Defendants will rely upon to defend this action.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee objects to this Request as vague, ambiguous, overly broad and unduly burdensome.

Dated:  December 1, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Bradford J. Sandler (Bar No. 4142)
Colin R. Robinson (Bar No. 5524)
Peter J. Keane (Bar No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:  bsandler@pszjlaw.com
        crobinson@pszjlaw.com
        pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| | Adv. Proc. No. 20-50548 (CSS) |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| ART VAN FURNITURE, LLC, et al., | |
| Defendants. | |

## CHAPTER 7 TRUSTEE'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS

Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") of the bankruptcy estates

of Art Van Furniture, LLC, AVF Holding Company, Inc., AVCE, LLC, AVF Holdings I, LLC,

AVF Holdings II, LLC, AVF Parent, LLC, Levin Parent, LLC, Art Van Furniture of Canada,

LLC, AV Pure Sleep Franchising, LLC, AVF Franchising, LLC, LF Trucking, Inc., Sam Levin,

Inc., and Comfort Mattress LLC (collectively, the "Debtors" or the "Defendants") in the above-

captioned adversary proceeding (the "Adversary Proceeding"), hereby objects and responds to

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

Plaintiffs Todd Stewart and Jennifer Sawle (the "<u>Plaintiffs</u>") *First Set of Interrogatories to Defendants* (the "<u>Interrogatories</u>").

## **<u>GENERAL OBJECTIONS</u>**

Each of the following statements and general objections ("<u>General Objections</u>") apply to the Interrogatories, and the Trustee makes its response to the Interrogatories subject to these General Objections:

1.      The Trustee has made a good faith effort to investigate and identify information and documents responsive to the Interrogatories.  The Trustee's discovery, investigation and trial preparation in the Adversary Proceeding, however, are continuing.  The Trustee is a chapter 7 trustee appointed post-conversion of the above-captioned, jointly administered bankruptcy cases from chapter 11 to chapter 7 that has no direct knowledge or involvement in, the affairs of the Debtors that are at issue in the Adversary Proceeding.  In addition, as chapter 7 estates, the Debtors terminated all of their former officers and employees who did have such involvement and/or knowledge.  These responses are based on information presently available to the Trustee and his attorneys.  Accordingly, the Trustee reserves the right (a) to amend, supplement or modify the response to the Interrogatories based on any responses to any discovery requests or subpoenas, including any documents produced in response to such discovery requests or subpoenas, (b) to amend, supplement or modify its response to the Interrogatories based on any further discovery, investigation and trial preparation in the Adversary Proceeding, (c) to amend, supplement or modify its response to the Interrogatories to incorporate or reflect later discovered documents and information to the extent required by law, and (d) to introduce – at deposition, at hearing, at trial or otherwise – any evidence from any source hereafter obtained.

2.      The response to the Interrogatories is provided without waiver of, and with express reservation of, the following: (a) all objections as to competency, relevance, materiality

and/or admissibility of the response, or the subject matter thereof, as evidence for any purpose in the Adversary Proceeding or any other proceeding; (b) all privileges and other protections, including the attorney-client privilege, work product doctrine and common interest doctrine; (c) all objections as to the confidentiality of any documents; (d) all other objections to the use of the response, or the subject matter thereof, on any ground in the Adversary Proceeding or any other proceeding; and (e) the right to object on any ground at any time to a demand or request for any further response(s) to the Interrogatories, or to any other discovery requests in the Adversary Proceeding.

3.     The Trustee objects to the Interrogatories to the extent they seek the disclosure of confidential, proprietary and/or private information or documents, or the disclosure of information or documents protected from discovery by the attorney-client privilege, the work product doctrine, the common interest doctrine and/or any other applicable privilege or protection. The production of any confidential, proprietary, private, privileged or otherwise protected information or documents in response to the Interrogatories is inadvertent, and is not intended as and shall not be deemed to be a waiver or impairment of any claim of confidentiality, privilege or other applicable protection.

4.     The Trustee objects to the Interrogatories to the extent they conflict with, seek to expand upon, purport to require responses inconsistent with, or purport to impose obligations beyond the requirements of the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

5.     The Trustee objects to the Interrogatories to the extent they seek information or documents not relevant to any party's claim or defense in the Adversary Proceeding, and/or not proportional to the needs of the Adversary Proceeding.

6.     The Trustee objects to the Interrogatories as unduly burdensome and oppressive to the extent they purport to require unreasonably costly and/or time-consuming measures to locate, review and produce or identify responsive documents or information.

7.     The Trustee objects to the Interrogatories to the extent they seek the production of documents that are not reasonably or readily available to the Trustee, and/or that are not within his possession, custody or control.

8.     The Trustee objects to the Interrogatories to the extent they seek documents that already have been provided or made available to the Plaintiffs, are otherwise in the possession of the Plaintiffs, are equally or more readily available to the Plaintiffs from other sources, and/or are a matter of public record

9.     The Trustee objects to the time periods of the Interrogatories as not reasonably calculated to lead to the discovery of admissible evidence or not relevant to the nature of this action. The Trustee performed and will continue to perform searches of the Debtors' electronic and email systems that he has access to for the period from January 18, 2020 through and including March 20, 2020 and objects to and will not re-run any searches prior to this date as to do so is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence or not relevant to the nature of this action

## **INTERROGATORIES**

1.     Identify every person who participated in any discussions on behalf of Defendant regarding the decision to wind-down operations beginning on March 5, 2020 and terminate the Plaintiffs and the Putative Class Members.

## **ANSWER:**

The Trustee incorporates the General Objections as though set forth herein.  The Trustee further objects to this Interrogatory on the basis that (a) the term "participated" is vague and ambiguous and (b) the scope of this Interrogatory is overbroad.  Subject to and without waiving the foregoing objections, Gary Fazio, James Ferguson, Gus Glyptis, David Ladd,

Michelle Dolski, Matthew Damiani, Marcelo Podesta, Jeff Swenson, Cliff Longley, Alex Smith, Gary A. Van Elsander, David Alexander, Douglas Haber, Catherine Wenger, Robert Levin and Dennis Stogsdill.  The Trustee further responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents that the Trustee previously produced to the Plaintiffs and the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

2.       Identify every individual who received the "WARN Act Notice" dated March 5, 2020 from Cathrine Wenger, Senior Counsel, that was distributed to employees (attached as Exhibit B to Plaintiffs' First Request for Production of Documents to Defendants), including a) the date received, b) his or her work address or facility to which he or she was assigned, c) the manner of distribution, and d) his or her last day of work.

**ANSWER**:

The Trustee incorporates the General Objections as though set forth herein. Subject to and without waiving the foregoing objections, the Trustee responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents that the Trustee previously produced to the Plaintiffs and the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

3.       Identify every individual who received the document titled "Termination of Benefits" dated March 19, 2020 (attached as Exhibit C to Plaintiffs' First Request for Production

of Documents to Defendants), including a) the date received, b) his or her work address or facility to which he or she was assigned, c) the manner of distribution, and d) his or her last day of work.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. Subject to and without waiving the foregoing objections, the Trustee responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents that the Trustee previously produced to the Plaintiffs and the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

4.      Identify the total number of employees at each of Debtors' facilities where the March 19, 2020 "Termination of Benefits" (attached as Exhibit C to Plaintiffs' First Request for Production of Documents to Defendants) was distributed.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. Subject to and without waiving the foregoing objections, the Trustee responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents that the Trustee previously produced to the Plaintiffs and the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

5.      Identify every individual who received the document titled "Memorandum" to "Employees Affected By Closing of Art Van Furniture Stores located at 6500 E 14 Mile Rd,

Warren, MI, 48092; 27775 Novi Rd, Novi, MI, 48377; 4375 28th St SE, Grand Rapids, MI,

49321; 4095 E Court St, Burton, MI, 48509; 14055 Hall Rd, Shelby Township, MI, 48315; 8748

W Saginaw Hwy, Lansing, MI, 48917; and 4273 Alpine Ave Nw Ste B, Alpine, MI, 49321" dated

March 19, 2020 (attached as Exhibit D to Plaintiffs' First Request for Production of Documents to

Defendants), including a) the date received, b) his or her work address or facility to which he or

she was assigned, c) the manner of distribution, and d) his or her last day of work.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein.

Subject to and without waiving the foregoing objections, the Trustee responds to this

Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive,

non-privileged documents that the Trustee previously produced to the Plaintiffs and the

responsive, non-privileged documents, if any, that the Trustee will produce in response to the

Plaintiffs' *First Request for Production of Documents to Defendants*.

6. Identify the date that drafting of the following documents began and all

persons who participated in the drafting of each document:

(a) Frequently Asked Questions-Store Associates (Art Van, Levin and
Wolf Closing), (attached as Exhibit E to Plaintiffs' First Request for
Production of Documents to Defendants);

(b) Meeting Instructions to Art Van and Wolf Leaders (WARN
Announcement/Talking Points) dated March 5, 2020 (attached as Exhibit
F to Plaintiffs' First Request for Production of Documents to
Defendants);

(c)     "Frequently Asked Questions #1/ Benefits Contacts" (attached as
Exhibit G to Plaintiffs' First Request for Production of Documents
to Defendants); and

(d)     "Important Company Announcement, Memorandum to All Team
Members" dated March 5, 2020 (attached as Exhibit A to Plaintiffs' First
Request for Production of Documents to Defendants).

## ANSWER:

The Trustee incorporates the General Objections as though set forth herein. The
Trustee further objects to this Interrogatory on the basis that (a) the term "participated" is vague
and ambiguous and (b) the scope of this Interrogatory is overbroad and unduly burdensome.
Subject to and without waiving the foregoing objections, Gary Fazio, James Ferguson, Gus
Glyptis, David Ladd, Michelle Dolski, Matthew Damiani, Marcelo Podesta, Jeff Swenson, Cliff
Longley, Alex Smith, Gary A. Van Elsander, David Alexander, Douglas Haber, Catherine
Wenger, Robert Levin and Dennis Stogsdill. The Trustee further responds to this Interrogatory,
pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged
documents that the Trustee will produce in response to the Plaintiffs' *First Request for Production
of Documents to Defendants*.

7.     For every meeting held (including in person, telephonically or remotely)
with the Plaintiffs and Putative Class Members regarding their terminations, state the date of each
meeting, identify every attendee at the meeting, and describe all written communications
distributed to employees at the meeting.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to this Interrogatory on the basis that the scope of this Interrogatory is unduly burdensome and overbroad. Subject to and without waiving the foregoing objections, the Trustee further responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

8.      Identify every employee who signed the WARN Act Notice Receipt Acknowledgment (attached as Exhibit H to Plaintiffs' First Request for Production of Documents to Defendants) and produce all lists of attendees, sign-in sheets, scripts, memos, summaries, and compilations of such lists.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to this Interrogatory on the basis that the scope of this Interrogatory is unduly burdensome and overbroad. Subject to and without waiving the foregoing objections, the Trustee further responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

9.      State whether Defendants consulted with legal counsel regarding the drafting of Exhibits A-H to Plaintiffs' First Request for Production of Documents to Defendants

and, if the answer is in the affirmative, identify the name of such legal counsel, state the date on which each communication occurred and the participants.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. Subject to and without waiving the foregoing objections, Kirkland & Ellis LLP. The Trustee further responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

10. Identify every address and location where Defendants conducted business operations where the employees did not receive a WARN Notice and state the reason employees there did not receive a WARN Notice.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. Subject to and without waiving the foregoing objections, the Trustee responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

11. State whether Plaintiffs and the Putative Class Members were paid all earned bonuses including productivity bonuses and variable compensation following their terminations. If the answer is in the negative, please state or produce documents sufficient to

determine, the amount of each Putative Class Member's accrued but unpaid bonuses and variable compensation.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to this Interrogatory on the basis that the scope of this Interrogatory is unduly burdensome and overbroad. Subject to and without waiving the foregoing objections, the Trustee responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

12. Identify every partner, employee, manager, principal, or executive of Defendants who participated in any discussions leading to the decision to terminate the employment of Plaintiffs and the Putative Class Members.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to this Interrogatory on the basis that (a) the term "participated" is vague and ambiguous and (b) the scope of this Interrogatory is overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, Gary Fazio, James Ferguson, Gus Glyptis, David Ladd, Michelle Dolski, Matthew Damiani, Marcelo Podesta, Jeff Swenson, Cliff Longley, Alex Smith, Gary A. Van Elsander, David Alexander, Douglas Haber, Catherine Wenger, Robert Levin and Dennis Stogsdill. The Trustee further responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged

documents that the Trustee previously produced to the Plaintiffs and the responsive, non-

privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First*

*Request for Production of Documents to Defendants*.

13.    State in detail why 60 days' notice was not provided to Plaintiffs and the

Putative Class Members, and identify at least one officer, director, or manager of Defendants with

personal knowledge thereof.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein.

Subject to and without waiving the foregoing objections, David Ladd.  The Trustee further

responds to this Interrogatory by reference to the Trustee's *Memorandum in Support of Chapter 7*

*Trustee's Motion for Summary Judgment* [D.I. 44] that sets forth in detail a response to this

Interrogatory.

14.    Identify each and every person who participated in drafting Exhibits A

through H to Plaintiffs' First RTP to Defendants, including the dates of his or her participation.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein.  The

Trustee further objects to this Interrogatory on the basis that (a) the term "participated" is vague

and ambiguous and (b) the scope of this Interrogatory is overbroad.  Subject to and without

waiving the foregoing objections, Gary Fazio, James Ferguson, Gus Glyptis, David Ladd,

Michelle Dolski, Matthew Damiani, Marcelo Podesta, Jeff Swenson, Cliff Longley, Alex Smith,

Gary A. Van Elsander, David Alexander, Douglas Haber, Catherine Wenger, Robert Levin and

Dennis Stogsdill.  The Trustee further responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

15.     State in detail the "business circumstances that were not reasonably foreseeable at the time notice would have been required" as set forth in Defendants' First Affirmative Defense and identify at least one individual with personal knowledge of these circumstances.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. Subject to and without waiving the foregoing objections, David Ladd.  The Trustee further responds to this Interrogatory by reference to the Trustee's *Memorandum in Support of Chapter 7 Trustee's Motion for Summary Judgment* [D.I. 44] that sets forth in detail a response to this Interrogatory.

16.     State every date Defendants conducted a meeting of its boards of directors during the period March 1, 2019 through June 30, 2020 and, for each date, identify the participants in the meeting.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein.  The Trustee further objects to the time period March 1, 2019 through June 30, 2020 set forth in this Interrogatory and on the basis that this Interrogatory is overbroad and unduly burdensome.

Subject to and without waiving the foregoing objections, the Trustee responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents that the Trustee previously produced to the Plaintiffs and by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

        17.     State the name of each member of Defendants' boards of directors during the period March 1, 2019 through June 30, 2020 and, for each person state the term and professional affiliation.

**ANSWER:**

        The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to the time period March 1, 2019 through June 30, 2020 set forth in this Interrogatory. Subject to and without waiving the foregoing objections, Jeff Swenson, Cliff Longley, Alex Smith, Gary A. Van Elsander, David Alexander, and Douglas Haber. The Trustee further responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

        18.     Identify each officer, director, managing director, principal, executive, agent, employee, partner, and managing partner of any party, including, but not limited to, Thomas H. Lee Partners, L.P., who participated in the negotiation and/or decision-making of obtaining financing and/or working capital for Defendants during the period March 1, 2019 through March 19, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to this Interrogatory on the basis that the term "participated" is vague and ambiguous. The Trustee further objects to the time period March 1, 2019 through March 19, 2019 set forth in this Interrogatory. The Trustee further responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

19. Identify each and every partner, employee, manager, principal or executive of any party, including, but not limited to, Thomas H. Lee Partners, L.P. who negotiated on behalf of Defendants to enter into contracts with lenders to provide operating capital to the Facilities during the March 1, 2019 through March 19, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to the time period March 1, 2019 through March 19, 2020 set forth in this Interrogatory. Subject to and without waiving the foregoing objections, the Trustee responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

20. Identify each and every meeting and/or teleconference between all employees, executive, officers, directors, advisors and agents of Defendants and sources of capital

including investors or prospective investors, and lenders and prospective lenders that occurred regarding efforts to obtain financing for Defendants during the period March 1, 2019 through June 30, 2020 and, for each such meeting and/or teleconference, identify the participants and date that such meeting(s) and/or teleconference(s) occurred.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to the time period March 1, 2019 through June 30, 2020 set forth in this Interrogatory and that this Interrogatory is overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, the Trustee responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

21.     Identify each and every meeting and/or teleconference between all employees, executive, officers, directors, advisors and agents of Defendants and any party regarding any transaction to sell all or parts of Defendants' business or assets during the period March 1, 2019 through June 30, 2020 and, for each such meeting and/or teleconference, identify the participants and date that such meeting(s) and/or teleconference(s) occurred.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to the time period March 1, 2019 through June 30, 2020 set forth in this Interrogatory and that this Interrogatory is overbroad and unduly burdensome. Subject to and

without waiving the foregoing objections, the Trustee responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

22.     Identify each and every meeting and/or teleconference between all employees, executive, officers, directors, advisors and agents of Defendants and any party that occurred regarding efforts to obtain new business for Defendants during the period March 1, 2019 through June 30, 2020 and, for each such meeting and/or teleconference, identify the participants and date that such meeting(s) and/or teleconference(s) occurred.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein.  The Trustee further objects to the time period March 1, 2019 through June 30, 2020 set forth in this Interrogatory and that this Interrogatory is overbroad and unduly burdensome.  Subject to and without waiving the foregoing objections, the Trustee responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

23.     Identify each and every meeting and/or teleconference between all employees, executive, officers, directors, advisors and agents of Defendants and any party that occurred regarding efforts to liquidate Defendants during the period January 1, 2020 through June

30, 2020 and, for each such meeting and/or teleconference, identify the participants and date that such meeting(s) and/or teleconference(s) occurred.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to this Interrogatory are overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, the Trustee responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

24.     Identify each and every meeting and/or teleconference between all employees, executive, officers, directors, advisors and agents of Defendants at which the impact of COVID-19 was discussed January 1, 2020 through June 30, 2020 and, for each such meeting and/or teleconference, identify the participants and date that such meeting(s) and/or teleconference(s) occurred.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein. The Trustee further objects to this Interrogatory as overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, the Trustee responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

25.     Identify (or produce documents sufficient to identify) all capital investments, loans and guarantees made to Defendants from March 1, 2019 through June 30, 2020.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein.  The Trustee further objects to the time period March 1, 2019 through June 30, 2020 set forth in this Interrogatory and that this Interrogatory is overbroad and unduly burdensome.  Subject to and without waiving the foregoing objections, the Trustee responds to this Interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), by reference to the documents and pleadings publicly available in the above-captioned chapter 11 bankruptcy case and the responsive, non-privileged documents, if any, that the Trustee will produce in response to the Plaintiffs' *First Request for Production of Documents to Defendants*.

26.     State in detail the facts and legal grounds and identify the witnesses and identify (or produce) the documents on which Defendants intend to rely to support each of their affirmative defenses to Plaintiffs' Complaint, as set forth in the Answer dated December 10, 2020 (ECF 25).

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein.  The Trustee objects to this Interrogatory on the grounds that it is premature because discovery in this action has not been completed and the Trustee has not made any determination as to what facts, legal grounds, witnesses and documents he will rely on at trial.

27.     Identify all documents that Defendants intend to utilize at trial in this

matter.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein.  The

Trustee objects to this Interrogatory on the grounds that it is premature because discovery in this

action has not been completed and the Trustee has not made any determination as to what

documents he will rely on at trial.

28.     Identify all witnesses that Defendants intend to call at trial in this matter.

**ANSWER:**

The Trustee incorporates the General Objections as though set forth herein.  The

Trustee objects to this Interrogatory on the grounds that it is premature because discovery in this

action has not been completed and that the Court has not yet set a date for the submission of

witness lists.  The Trustee will timely provide a witness list.

Dated:  December 1, 2021               PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Bradford J. Sandler (Bar No. 4142)
Colin R. Robinson (Bar No. 5524)
Peter J. Keane (Bar No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  bsandler@pszjlaw.com
        pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

## VERIFICATION

I, the undersigned, declare as follows:

I am the chapter 7 trustee (the "Trustee") of the Debtors.  I have read the foregoing responses to the Interrogatories and understand the contents thereof.  Based on my role as the Trustee, I am informed and believe that such responses are true and correct as of the date hereof.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 1, 2021.

_/s/ Alfred T. Giuliano_____
Alfred T. Giuliano, solely in his capacity
as chapter 7 trustee of the Debtors