## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC., *et al.*,[1]<br><br>　　　　　　　　　Debtors.<br><br>TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>ART VAN FURNITURE, LLC, et al.,<br><br>　　　　　　　　　Defendants. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>Jointly Administered<br><br><br><br>Adv. Pro. No. 20-50548 (CTG) |

## AMENDED PRETRIAL SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to the above-captioned adversary proceeding.

**IT IS HEREBY ORDERED** that:

Todd Stewart and Jennifer Sawle (the "Plaintiffs"), together with Alfred T. Giuliano, the Chapter 7 Trustee for Debtors (the "Trustee") (collectively "the Parties"), by and through their counsel, hereby submit this Pretrial Scheduling Order, and, in support thereof, aver the following:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

1. On March 8, 2020, the Debtors each filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. (Bankr. No. 20-10553, D.I. 2).

2. On March 10, 2020, the Debtors' cases were consolidated for joint administration. (Bankr. No. 20-10553, D.I. 71).

3. On March 23, 2020, Plaintiffs commenced an adversary proceeding against the above-captioned debtor-defendants ("Defendants"), which adversary proceeding is docketed as No. 20-50548 (CSS) (the "Adversary Proceeding") (Adv. D.I. 1).

4. The Complaint alleges that the Defendants violated the Federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq*. (the "WARN Act") and seeks relief on behalf of a putative class of present or former employees of the Defendants (the "Complaint").

5. On April 7, 2020, the bankruptcy case was converted to Chapter 7 and the Trustee was appointed. (Bankr. No. 20-10553, D.I. 263, 264).

6. On December 10, 2020, the Defendants filed an Answer to the Complaint. (Adv. D.I. 25).

7. On June 10, 2021, this Court entered a Pretrial Scheduling Order (Adv. D.I. 31).

8. On November 14, 2021, Plaintiffs filed a Motion for Class Certification (Adv. D.I. 47, 53), which Defendants opposed (Adv. D.I. 51). The Motion is fully briefed and before the Court. (Adv. D.I. 47, 51, 53).

9. On July 27, 2021, the parties participated in mediation but did not resolve the adversary proceeding (Adv. D.I. 39). Thereafter, the Parties engaged in motion practice, including the Chapter 7 Trustee's motion for summary judgment (Adv. D.I. 43-46, 49, 52).

10. Following the Court's Order granting the Trustee's motion for summary judgment on March 21, 2022 (Adv. D.I. 64), the Plaintiffs appealed to the District Court. It reversed and remanded on December 13, 2022, to allow, *inter alia*, discovery of the Trustee's defenses (Adv. D.I. 77). Thereafter the Trustee appealed to the Third Circuit Court of Appeals which dismissed the appeal on May 30, 2025, for lack of jurisdiction. (Adv. D.I. 78).

11. The Parties have conferred and are prepared to resume litigation of this action. Plaintiffs respectfully request that the Court set a hearing date on the Motion for Class Certification.

NOW, THEREFORE, the parties hereby request the Court approve the following Pretrial Scheduling Order governing discovery and related matters:

(A) A hearing on Plaintiff's Motion for Class Certification will be held on **September 10, 2025, at 2:00 p.m.**

(C) Unless otherwise agreed by the parties and approved by the Court, all fact discovery, including but not limited to depositions, shall be completed on or before **March 31, 2026.**

  a. The parties have agreed to abide by the limits on the number of interrogatories provided for in the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by the Federal Rules of Bankruptcy Procedure;

  b. There will be no limit on the number of requests to admit which may be propounded by any party;

  c. Unless otherwise agreed to by the parties, all discovery of electronic documents shall proceed as stated below:

    i. Within fourteen (14) days of entry of this Order, the parties shall exchange a list of the most likely custodians of relevant electronic materials, including a brief description of each person's title and responsibilities; a list of relevant electronic systems; and other

      pertinent information about their electronic documents and whether such documents are of limited accessibility.

   ii. Discovery of electronic materials shall proceed in a sequenced fashion. After receiving requests for document production, the parties shall search their documents, other than those identified as limited accessibility, and produce responsive electronic documents in accordance with Fed. R. Civ. P. 26(b)(2).

   iii. If the parties intend to employ an electronic search to locate relevant electronic documents, the parties shall reach agreement as to the method of searching and the words, terms, and phrases to be searched. To minimize the cost, the parties shall consider limiting the scope of the electronic search (e.g., the time frames, fields, document types, etc.).

   iv. Production of electronic documents shall be produced to the requesting party as image files (e.g., PDF or TIFF).

   v. Electronic documents that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is I notice of the inadvertent production within 30 days of such production.

   vi. Generally, the costs of electronic discovery shall be borne by each party. However, the Court may apportion the costs upon a showing of good cause.

   d. The parties must attempt, in good faith, to resolve all discovery disputes between the parties before bringing any motion before the Court, and any such motion must recite that good faith efforts to resolve the dispute were undertaken but were unsuccessful.

(D) To the extent applicable, the parties shall exchange expert reports regarding any issue on which he, she, it, or they bear the burden of proof on or before May 29, 2026, and the other party shall have until June 30, 2026 to file rebuttal reports. Depositions of experts shall be completed on or before July 31, 2026.

(E) Unless otherwise agreed to by the parties, all dispositive motions shall be filed and served on or before **August 31, 2026**. With respect to any substantive motion filed with the Court:

      i. Unless otherwise ordered by the Court, supporting memoranda shall be filed with any dispositive motion at the time of its initial presentation;

      ii. Unless otherwise ordered by the Court, a responding memorandum shall be filed within 21 days following the initial presentation of any such motion, and a reply memorandum shall be filed 14 days thereafter; and

      iii. Unless otherwise ordered by the Court, the length of the memoranda or briefs filed in connection with any substantive motion shall be governed by Rule 7007-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

(G) The parties shall comply with the Chamber Procedures for Judge Craig T. Goldblatt subsection (F) regarding discovery disputes, namely, that should counsel find, after complying with the meet-and-confer obligations set forth in Local Rule 7026-1(a), that a motion to compel discovery, a motion for a protective order, or a motion related to scheduling or other case administration matters needs to be brought to the Court, the parties may submit letters (by filing them on the docket), not to exceed ten pages, in lieu of formal motion papers.

(H) The above dates may be modified by consent of the parties without need for further order of this Court.

(I) The Bankruptcy Court shall conduct a status conference on **April 6, 2026, at 10:00 a.m.,** at or on such other date to be determined by the Bankruptcy Court, which status conference shall be for the purpose of (i) setting a date by which pre-trial disclosures under Bankruptcy Rule 7026(a)(3) shall be served, (ii) scheduling a pre-trial conference to schedule a date and time of trial, and (iii) addressing such other issues as the Bankruptcy Court or the parties deem necessary and appropriate.

(J) The Plaintiffs shall serve this Pretrial Scheduling Order on the Trustee's counsel within 5 business days after the entry of this Pretrial Scheduling Order.

Dated: August 4th, 2025
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE