**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC, *et al.*,<br><br>Plaintiff,<br>v.<br><br>CORINTHIAN, INC.,<br><br>ASHLEY FURNITURE INDUSTRIES, LLC ,<br><br>Defendant. | <br><br><br><br><br><br>Adv. Proc. No. 22-50187 (CTG)<br><br>Adv. Proc. No. 22-50169 (CTG) |

**Objection Deadline: February 24, 2026, at 4:00 p.m. (ET)**
**Hearing Date: March 10, 2026 at 3:00 p.m. (ET)**

**TWELFTH OMNIBUS MOTION OF ALFRED T. GIULIANO, CHAPTER 7
TRUSTEE, TO APPROVE SETTLEMENT AGREEMENT**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

agreements (the "Settlement Agreements")[2] between the Trustee and Corinthian, Inc. ("Corinthian) and Ashley Furniture Industries, LLC ("Ashley"). A copy of each Settlement Agreement is attached to the proposed form of order as Exhibit 1 and Exhibit 2, respectively. In support of this Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1. The district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule bases for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

**Background**

4. On March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Settlement Agreement.

5.  On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 263] effective April 7, 2020 (the "Conversion Date"), and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264].

6.  Following the Conversion Date, after conducting a review and analysis of the Debtors' records, the Trustee determined that the Debtors' records reflect that each of the Defendants received payments from the Debtors on account of outstanding indebtedness within the 90 days prior to the Petition Date (the "90 Day Transfers"), which the Trustee believes he can avoid and recover for the benefit of the Debtors' bankruptcy estates pursuant to Bankruptcy Code sections 547 and 550, and which the Defendants dispute.

7.  Thereafter, the Trustee sent a letter to each of the Defendants requesting payment of the 90 Day Transfers, and the Parties engaged in good faith, arms' length negotiations to resolve the matters.

### Summary of Settlement Agreement[3]

**A.    Corinthian**

8.  On February 28, 2022, the Trustee filed a complaint against Corinthian, Adv. Pro. No. 22-50187 alleging that certain payments made by the Debtors to Corinthian, constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550.  The complaint against Corinthian sought the avoidance and recovery of alleged preferential transfers totaling $234,150.96.  Following good faith negotiations between the parties, a settlement was reached.

9.  As set forth in the Settlement Agreement, the primary terms are as follows:

---

[3] The summary set forth in the Motion is only a summary.  To the extent the summary conflicts with the actual terms of the Settlement Agreements, the actual terms of the Settlement Agreements shall control.

      a.      Corinthian shall pay to the Trustee the Payment of $27,500.00 within ten (10) days of Court approval of the Settlement Agreement;

      b.      Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

**B.  Ashley**

10. On February 24, 2022, the Trustee filed a complaint against Ashley, Adv. Pro. No. 22-50169 alleging that certain payments made by the Debtors to Ashley, constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against Ashley sought the avoidance and recovery of alleged preferential transfers totaling $2,048,488.83. Following good faith negotiations between the parties, a settlement was reached.

11. As set forth in the Settlement Agreement, the primary terms are as follows:

      a.      Corinthian shall pay to the Trustee the Payment of $150,000.00 within ten (10) days of Court approval of the Settlement Agreement;

      b.      No later than 30 days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed with prejudice.

## Relief Requested

12. By this Motion, the Trustee seeks entry of an order approving the Settlement Agreements, which, as stated above, are attached as Exhibits 1 and 2 to the proposed form of order.

## Basis for Relief Requested

**A.  Approval Pursuant to Bankruptcy Rule 9019**

13. Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry

out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain."  *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).  Bankruptcy Rule 9019 governs the procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

14. Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases.  *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).  Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates.  *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998).  The decision whether to accept or reject a compromise lies within the sound discretion of the court.  *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

15. In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d) the paramount interest of the creditors. *Martin*, 91 F.3d at 393. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

16. When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78. A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

17. The Trustee believes the Settlement Agreements are fair and reasonable and are in the best interests of the Debtors' estates and creditors, and should be approved pursuant to Bankruptcy Rule 9019. The settlements are the product of good-faith discussions and arms'-length bargaining among the Parties. For the reasons outlined below, the Trustee believes that the Settlement Agreements are in the best interests of the Debtors' estates.

18. First, each matter proceeded to mediation and a resolution reached with a neutral mediator selected by the parties.

19. Second, the Settlement Agreement resolves potential costly litigation over recovery of the 90 Day Transfers. The Settlement Agreement is favorable because the estates receive significant cash recoveries from the Defendant, as follows:

| Defendant: | Amount Asserted by Trustee in 90 Day Transfers: | Estimated Net of New Value Defense | Settlement Total: |
|---|---|---|---|
| Corinthian, Inc. | $234,150 | $53,921 | $27,500.00 |
| Ashley Furniture Industries, LLC | $2,048,488.83 | $619,868 | $150,000.00 |

20. There was a dispute concerning the application of the new value defense with the defendant Corinthian asserting a lower exposure than as stated by Plaintiff above. In addition to the new value defense, which is a question of fact and subject to proof, the Trustee also analyzed various other arguments which were unique to each case. Both defendants asserted the application of the ordinary course of business defense, subjective and objective.

21. The settlements involved additional factors independent of affirmative defenses, such as the financial condition of the defendants. The settlement avoid any collection difficulties or delays if the Trustee were to litigate the 90 Day Transfers against the Defendant, the outcome of which is uncertain and could be delayed by any appeal even assuming a favorable result to the Trustee. In addition, the Settlement Agreement is in the best interest of the estates because the estates receive immediate cash and avoid administrative costs in pursuing litigation against the Defendant.

22. Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate. *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy

court pursuant to section 363(b) of the Bankruptcy Code.  *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy.").  Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification.  *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

23.     Here, the Trustee submits that approval under section 363(b) of the Bankruptcy Court is required.  The Settlement Agreements provide for, among other terms, a resolution and waiver of potential claims by the Trustee against each of the Defendants.  *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval).  For all the reasons set forth above, the Trustee, in an exercise of his sound business judgment, submits that the Settlement Agreements are fair, reasonable, and appropriate and should be approved by this Court.

## Notice

24.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) each of the Defendants; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreement, enter the proposed order, and grant such other relief as is just and proper.

| | |
|---|---|
| Dated:  February 10, 2026 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Peter J. Keane* |
| | Bradford J. Sandler (DE Bar No. 4142) |
| | Peter J. Keane (DE Bar No. 5503) |
| | 919 N. Market Street, 17th Floor |
| | P O Box 8705 |
| | Wilmington, DE  19899 (Courier 19801) |
| | Telephone:  (302) 652-4100 |
| | Facsimile:   (302) 652-4400 |
| | Email:     bsandler@pszjlaw.com |
| |             pkeane@pszjlaw.com |
| | |
| | *Counsel to Alfred T. Giuliano Chapter 7 Trustee* |